Gulf Oil Corporation of Pennsylvania *v.* Warminster Township Board of Supervisors, Appellant.

Argued October 9, 1975, before Judges MENCER, ROGERS, and BLATT, sitting as a panel of three.

*Albert L. Blackman,* with him *George M. Bush,* and *Hartzel, Bush & O'Neill,* for appellant.

*Peter N. Harrison,* for appellee.

OPINION BY JUDGE ROGERS, November 24, 1975:

Warminster Township has appealed from an order of the Court of Common Pleas of Bucks County setting aside a decision of the Supervisors of Warminster Township refusing approval of a subdivision proposed by Gulf Oil Corporation. Gulf was the appellant in the court below. We affirm the lower court's order on Judge BECKERT'S able opinion following:

"Appellant, Gulf Oil Corporation (Gulf), is the owner of 2.3 acres of land located at Street and Mearns Road, Warminster Township. Gulf, in April of 1974, applied to the Warminster Township Board of Supervisors (Township) to subdivide its land into two separate parcels of 1.2 acres and 1.1 acres respectively. This application to subdivide was refused by the Township, resulting in the present appeal. The matter was argued before the Court en banc in January 1975 and is now ripe for decision.

"The Township's refusal is grounded upon a belief that approval of the subdivision would be at odds with an earlier decision of the Township's Zoning Board of Adjustment. This earlier decision (July 2, 1969) granted to Gulf a special exception permitting the construction of a gasoline station on the same parcel of ground under the following conditions:

'1. The property to the rear of the service station as defined on the drawing exhibited at the hearing is to remain under grass and planting and is not to be used in the conduct of business.

'2. There shall be no rental or sale of trailers, truck or other vehicles from the premises.'

"The Township's reasoning appears to be that by the conditions attached to the granting of the special exception unmistakenly indicated the Zoning Board's intention that the ground to the rear of the service station be kept planted and maintained as a buffer strip between the station and adjacent property and that Gulf's request for

{}

a subdivision, so reasoned the Township, is the first step towards having this ground used for a different purpose. That is to say, that the requested subdivision is made for the obvious purpose to free the property to the rear of the station of the condition so that it could at some future time be developed or utilized in a manner intended to circumvent the conditions previously imposed by the Zoning Board. We agree that the Township certainly has the right to be suspect of Gulf's motive, but this conclusion does not solve the problem for us.

"Warminster Township has wisely incorporated the requirements of its Zoning Ordinance into 'DESIGN STANDARDS' imposed by its Subdivision Land Development Regulations, §502, which states:

'Section 502 *Location*
'Subdivision and land development proposals to determine whether the subdivision is in conformance with:

'(a) The proposals in the Warminster Township Comprehensive Plan for the area in which the submission is located.

'(b) The requirements in the Warminster Township Zoning Ordinance for the district in which the 'Subdivision and land development proposals to defor which the land is to be developed.

'(c) The character of existing development near the location of the submission. The submission shall be complementary to the surrounding uses, and shall be laid out so that the best possible integration of existing and proposed streets and building orientations is achieved.

'A finding by the Board of Supervisors that the submission does not conform to one or more of the above location criteria shall be sufficient reason for denying approval of the submission.'

"Due to this incorporation, the cases, urged upon us by counsel for Gulf, of Ludlow Appeal, 39 D & C 2d 123,

(1965), (that a subdivision application may not be denied on the ground that it does not conform to zoning requirements, absent any reference to those requirements in the subdivision ordinance) and County Builders, Inc. v. Lower Providence Township, 5 Pa. Commonwealth Ct. 1, (1972), (the basis for refusal must appear in the subdivision ordinance itself), are not applicable.

"We are aware, however, of decisions to the effect that where a proposed subdivision plan complies with the municipalit[y's] regulations concerning such plans, the governing body of the municipality has no discretion and must grant approval. American Veterans Housing Cooperative v. Smiley, 64 Montg. Co. L. R. 226, (1948); Appeal of Shearer, 22 Cumb. Co. L.R. 146, (1972).[1] We also know that a subdivision ordinance being legislative enactment in derogation of the common law and therefore a restriction upon the free use of one's property, must be strictly construed against a municipality. Appeal of Robust, Inc., 63 Lanc. Review 305, (1971).

"With all of the above as factual and legal background, we are convinced that the Township was attempting to bring into play all of the municipal ordinances of the Township together with the conditions heretofore discussed in granting the special exception to Gulf, which all have as their collective purpose the establishment of coordinated and controlled use of property in a manner which will promote the public health, safety, moral and general welfare. See Forks Township Board of Supervisors v. George Calontoni & Sons, Inc., 6 Pa. Commonwealth Ct. 521, (1972). However, the fact remains that no violation of the zoning ordinance or of the conditions imposed at the time of the granting of the special exception will occur if the subdivision application is approved. Therefore, based upon the existing state of the record,

---

1. We add to the authorities cited here, the case of *Brauns v. Swarthmore Borough*, 4 Pa. Commonwealth Ct. 627, 288 A.2d 830 (1972).

we must reverse the decision of the Township. In doing so, we point out that the laudatory aims of the Township may still be preserved. If Gulf attempts to violate the conditions of the special exception, it would appear appropriate for a cease and desist order to issue and failure of Gulf thereafter to abide could result in the closing of its service station.

"We might further say that we toyed with the idea of approving Gulf's application for subdivision approval with conditions attached thereto, but further study leads us to conclude that we do not have the power or authority to do so. Our role on appeal is charted by M.P. §11011 (1) (Act of [June 1, 1972, P. L. 333], Art. X, 53 P.S. §11011 (1)), which in pertinent part provides:

'(1)   In a zoning appeal the Court shall have the power to . . . set aside or modify any action, decision or order of the governing body. . . .'

"At first glance, it would appear that the word 'modify' would be sufficient authority to support our right to attach conditions. However, our Commonwealth Court in Butler v. Derr Flooring Co., 4 Pa. Commonwealth Ct. 341, (1971), construed the word 'modify' rather narrowly. Judge KRAMER therein construing M.P. §1009 which then governed an appeal from a zoning board of adjustment and which empowered the Court to '. . . reverse, affirm or modify the decision appealed,' said at page 349:

'Inasmuch as the adjudication of the Board was a denial of a special exception, the Court could reverse the action of the Board, but it then had nothing before it to modify. We do not interpret the word "modify" . . . to mean that the Court could reverse the Board's denial and impose its own conditions and restrictions upon the special exception. As was indicated in the case of Limekiln Golf Course, Inc. v. Zoning Board of Adjustment of Horsham Township. 1 Pa. Commonwealth Ct. 499, 275 A.2d 896 (1971), it is the local zoning officials who have the knowledge of local circumstances who should establish the conditions to

be applied to special exceptions. In view of this analysis we must remand this matter back to the court below with specific instruction to remand the matter back to the Board, solely for the purpose of establishing reasonable conditions . . . in conformance with this opinion.'

"We can see no distinction between an appeal from denial of a special exception and the within appeal from refusal of a subdivision approval and therefore must apply the reasoning of our Commonwealth Court. Accordingly, we apply Judge KRAMER'S reasoning and enter the following:

"ORDER

"AND NOW, this 14th day of February, 1975, the decision of the Warminster Township Board of Supervisors denying subdivision approval for appellant's property is set aside and reversed, and said Board is directed to approve appellant's subdivision plan, such approval to include the imposition of reasonable conditions in conformance with the within opinion.

"By the Court
/s/ PAUL R. BECKERT, J."

We add that a reasonable condition would be that the approval of the subdivision should not affect restrictions imposed on the use of the subdivided parcel by the Township Zoning Hearing Board incident to its grant of the special exception for the use of the unsubdivided tract as a gasoline service station. Such restrictions could and should be described on the formal document approving the subdivision provided to the appellee and on the plat of the subdivision required to be endorsed as approved by the members of the Board of Supervisors and recorded in the Office of the Recorder of Deeds as provided by Section 513 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, *as amended,* 53 P.S. §10513.