Stroudsburg Municipal Water Authority, Appellant *v.* Versatile Investment Projects, Inc., Appellee.

Submitted on briefs December 7, 1983, to Judges ROGERS, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*John B. Dunn, Matergia and Dunn,* for appellant.

*Edwin Krawitz,* for appellee.

OPINION BY JUDGE BARBIERI, August 13, 1984:

The Stroudsburg Municipal Water Authority (Authority) appeals here from an order of the Court of Common Pleas of the Forty-Third Judicial District directing the Supervisors of Stroud Township (Supervisors) to issue a conditional use permit to Versatile Investment Projects, Inc. (Versatile). We will remand.

Stroud Township's (Township) zoning ordinance (Ordinance) defines twenty-three "use classes" which are allowed in some or all of the Township's zoning districts; nine of these use classes are characterized by the Ordinance as "Permitted Uses" which require no prior approval by the Township Zoning Hearing Board (Board) or Supervisors, seven are defined as "Special Uses" which must receive prior approval from the Board, and the remaining seven are defined as "Conditional Uses" which must be approved by the Supervisors. In addition, Section 5.902 of the Ordinance provides that any use proposed for a site with "special environmental or hazardous conditions" is a "Special Use" requiring prior approval from the Board.

In 1980, Versatile submitted a conditional use application to the Supervisors seeking permission to locate a commercial picnic and bathing area on a 15.8 acre tract of land adjacent to Brodhead Creek in an area of the Township zoned S-1. Since the Township zoning authorities were apparently unsure which use class the proposed project fell within, however, Versatile was advised to also file a special use application with the Board. Versatile subsequently did so, and after a preliminary hearing on this application the Board concluded (1) that Versatile's project fell within the ambit of Section 5.902 of the Ordinance, and hence needed prior approval from the Board, and (2) that the proposed project also fell within the definition of two use classes deemed to be conditional uses in the Ordinance,[1] and thus also needed prior approval from the Supervisors. Versatile's application

---

[1] The Board found that Versatile's proposed project fell within the ambit of use classes sixteen and twenty-two. Both are permitted in S-1 zones. The pertinent conditions which the Ordinance places on the granting of these conditional uses are as follows:

*Use Class 17. Resort Development—*
Includes resort uses of all types which are located on a tract of land at least 10 acres in size, which is planned for development in its entirety under single ownership or control.

. . . .

a. The proposed developer of the large scale development shall demonstrate that a sufficient market exists for the type, size and character of the development proposed.

. . . .

*Use Class 22. Site Alterations. . . .*

. . . .

c. Alteration permit requests shall be accompanied by a written statement of the environmental effects. Large site alterations and alterations in or near fragile environmental areas shall be required to be justified by a thorough, written, environmental effects statement in a form acccep-table to the Supervisors.

for a special use was subsequently conditionally granted by the Board,[2] but after a hearing before the Supervisors its application for a conditional use was denied for the following reasons:

2. Applicant has failed to demonstrate that a sufficient market exists for the type, size and character of the development proposed.

3. Applicant has failed to demonstrate or adequately justify that the proposed site alterations to the subject property will not adversely effect (sic) the existing environment, including, but not limited to the Brodhead Creek.

4. Applicant has failed to demonstrate that the proposed site alterations will not cause substantial injury to existing water conveyance strips, which exist on the subject property, thereby jeopardizing the public health, safety, welfare and convenience.

The Supervisors also apparently found an additional reason for denying the conditional use application by indicating in its finding of fact that ''Applicant has not demonstrated that the proposed site alterations to the subject property are consistent with the Township storm water runoff and drainage plan.''

In response, Versatile appealed to the common pleas court, and the Authority, which had been an objector at the hearing before the Supervisors, formally intervened in the proceeding. Before the court

---

d. Alterations shall be carried out consistent with a Stroud Township storm water runoff and/or drainage plan which may identify areas which should be preserved for water retention (lakes, ponds, swamps, temporary impoundments) or water conveyance strips (streams, creeks, intermittent streams, drainage easements for surface or subsurface drainage).

2 The Board conditioned the grant of a special use on the granting of a conditional use by the Supervisors.

Versatile asserted, *inter alia,* that it had presented sufficient evidence to establish (1) that there was a sufficient market for the services it proposed to offer and (2) that its project would not adversely affect the environment. The Supervisors and the Authority, for their part, asserted, *inter alia,* for the first time, that Versatile had not satisfied the Ordinance's requirement that "[l]arge site alterations and alterations in or near fragile environmental areas shall be required to be justified by a thorough, written, environmental effects statement in a form acceptable to the Supervisors." The common pleas court subsequently concluded, however, without taking any additional evidence, that the Ordinance's requirement of a written environmental effects statement was "ambiguous," that the Supervisors erred by finding that Versatile had not proved that there is a market for its proposed project, and that the objectors had failed to establish that Versatile's project would adversely affect Brodhead Creek or any water conveyance strips.[3] Neither the court nor the parties addressed the fact that the Supervisors found that Versatile's proposed site alterations did not comply with the Township storm water runoff and drainage plan. The present appeal followed.

Before this Court the Authority alleges that the common pleas court erred as a matter of law by deeming the Ordinance's requirement of a "thorough, written, environmental effects statement" to be invalid, and asserts that the court should have affirmed the Supervisor's denial of Versatile's conditional use application since Versatile failed to establish compliance with this "objective" requirement of the Ordinance. Alternatively, the Authority maintains that the court, in reversing, should have remanded the

---

[3] This term apparently refers to the flow of ground water.

matter so that the Supervisors could be afforded the opportunity to exercise their right under the terms of the Ordinance to impose "any additional conditions and safeguards . . . which may be warranted by the character of the areas in which such uses are proposed or by other special factors and which are necessary to implement the purposes of the Ordinance." We shall address these issues seriatim.

Initially we note that we do not believe that there was any need for the common pleas court to address itself to the question of whether the Ordinance's requirement of a written environmental effects statement is constitutional since this issue was neither raised by the parties below, nor was the resolution of this issue necessary for a proper disposition of the case. The issue which the objectors raised before the common pleas court, and the issue the Authority attempts to raise here, is whether Versatile is entitled to a conditional use since it allegedly failed to file a "thorough, written, environmental effects statement in a form acceptable to the Supervisors."

The record shows that Versatile submitted a detailed plan of its proposed development to the Supervisors and presented evidence concerning the various permits it had received from state and local environmental officials, and that it answered all questions concerning the environmental effects of the proposed project that were submitted by the objectors at the hearing before the Supervisors. Neither the Supervisors nor the objectors raised any objection to this method of presenting evidence, and the lack of a *written* environmental effects statement was not mentioned by the Supervisors in their decision. Since the record shows that the objectors did not cross appeal from the Supervisors' decision we believe that they were precluded from raising the issue before the com-

mon pleas court, and that the Authority is similarly precluded from raising this issue here.

Turning to the Authority's second argument we note that Section 4.403 of the Ordinance provides in pertinent part that:

> Conditional Uses which are authorized by the Supervisors may be subject to any additional conditions and safeguards established by the supervisors in each case which may be warranted by the character of the areas in which such uses are proposed or by other special factors and which are necessary to implement the purpose of this Ordinance.

Since evidence was adduced at the hearing before the Supervisors which might support the imposition of certain *reasonable* conditions on Versatile's project,[4] we agree with the Authority's contention that the court of common pleas, in reversing the Supervisors denial of Versatile's conditional use application, should have remanded the matter back to the Supervisors to afford them the opportunity to impose such reasonable conditions as the evidence of record would warrant. We shall accordingly remand in part for this purpose.

Finally, we once again note that neither the parties nor the common pleas court addressed themselves to the issue of whether Versatile's proposed project complies with the Ordinance's requirement that "[a]lterations shall be carried out consistent with a Stroud Township storm water runoff and/or drainage plan," an issue which is significant since the Supervisors found, as noted above, that "Applicant has not demonstrated that the proposed site alterations to the subject property are consistent with the

---

4 For example, there was testimony offered by the objectors as to the need for a fence around the proposed project.

Township storm water runoff and drainage plan."
The record shows that the following testimony was
presented to the Supervisors by Versatile's president,
Mr. Robert E. Felker:

[Q]: Are the alterations consistent with
the Stroud Township Storm Water Runoff on
the plan?

[A]: Yes. This is a detailed description
of the progress as shown in the plan. That was
prepared by the conservation district.

[Q]: And have those alterations been re-
quested in writing and are the environmental
effects set forth by the Monroe County Con-
servation District?

[A]: Yes.

[Q]: I offer that exhibit in evidence.

Unfortunately, however, the record certified to this
Court does not contain either a copy of the Town-
ship's storm water runoff and/or drainage plan or
the exhibit referred to above thereby precluding our
appellate review of the Supervisors' finding. We
shall therefore remand this case to the common pleas
court so that findings of fact may be made on the
question of whether Versatile's proposed plan com-
plies with the Township's storm water and/or drain-
age plan, if any, and will further direct court to re-
mand the matter back to the Supervisors if it finds
that Versatile's proposed project is consistent with
the Township's plan so that the Supervisors may im-
pose any *reasonable* conditions on Versatile's project
as the evidence of record may warrant.

ORDER

Now, August 13, 1984, the order of the Court of
Common Pleas of the Forty-Third Judicial District
at No. 3589 Civil Term 1981, dated July 15, 1982, is
vacated, and the record in this case is hereby remanded

442

to the common pleas court for further proceedings to consider the issue of whether Versatile Investment Projects, Incorporated's proposed project complies with the Stroud Township storm water runoff and drainage plan. Should the court find that the proposed project is consistent with this plan, the court is hereby directed to remand this case back to the Supervisors of Stroud Township for their consideration of the issue of whether any reasonable conditions should be placed on the issuance of a conditional use permit. Jurisdiction relinquished.