545 A.2d 445

Southeastern Chester County Refuse Authority, Appellant *v.* The Board of Supervisors of London Grove Township, Appellee.

Southeastern Chester County Refuse Authority *v.* Board of Supervisors of London Grove Township and Daniel E. Blevins and Nancy Lee Ellis. Daniel E. Blevins and Nancy Lee Ellis, Appellants.

Argued June 16, 1988, before Judges COLINS and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*Janis M. Smith,* with her, *Roger E. Legg, Legg, Wilson & Smith,* for appellant, Southeastern Chester County Refuse Authority.

*John H. Spangler, Parke, Barnes, Spangler & Bortner,* for appellee, London Grove Township.

*Robert W. Lentz,* with him, *Sean A. O'Neill, Lentz, Cantor, Kilgore & Massey, Ltd.,* for intervenors/appellants, Daniel E. Blevins and Nancy Lee Ellis.

Opinion by Senior Judge Kalish, August 4, 1988:

Appellant, Southeastern Chester County Refuse Authority (SECCRA), appeals an order of the Court of Common Pleas of Chester County which reversed the London Grove Township Board of Supervisors' (Board) denial of SECCRA's application for a conditional use permit, but required that certain conditions be met before the conditional use is granted. Daniel E. Blevins and Nancy Lee Ellis (intervenors), cross-appealed, challenging the reversal by the trial court of the Board's denial. We affirm as to the intervenors' cross-appeal. We vacate and remand as to SECCRA's appeal and that portion of the trial court's order which sets forth the conditions to be met prior to the approval of the application.

SECCRA owns approximately eighty acres of land in London Grove Township. The Pennsylvania Department of Environmental Resources (DER) issued SECCRA a permit to operate a natural renovation sanitary landfill on this site. The property is located in an R-1 zoning district. Adjoining it are a number of residential tracts and a commercial granary.

On August 6, 1984, SECCRA filed an application with the Board for a conditional use permit to operate a sanitary landfill on the site. The application was refused, and SECCRA appealed to the common pleas court. The common pleas court, without taking any additional evidence, reversed that portion of the Board's decision which denied a conditional use permit, but affirmed that portion which required certain conditions to be met before the permit can be issued and added a further number of conditions. Under such circumstances, our scope of review is limited to a determination of whether or not the Board committed an abuse of discretion or an error of law. *Campbell v. Zoning Hearing Board of Plymouth Township,* 10 Pa. Commonwealth Ct. 251, 310 A.2d 444 (1973).

The trial court found that SECCRA did meet its burden of proving compliance with the necessary zoning restrictions, and only failed to meet the road access and fencing requirements. As to the environmental standards, the court held that since SECCRA did have a valid waste permit issued by DER, it is not the Board's place to usurp the power of DER to determine environmental safety concerns.

SECCRA contends that the trial court's imposition of the conditions was illegal, as the court had no authority to impose such conditions. Furthermore, SECCRA argues that some of the conditions were so vague and ambiguous that compliance therewith cannot be effected with the requisite certainty. Intervenors contend that the trial court erred in reversing the Board's denial of the application.

The Board cannot impose conditions which will interfere with the "operation" of the sanitary landfill. The power to impose such conditions is pre-empted by the Solid Waste Management Act;[1] *Municipality of Monroeville v. Chambers Development Corp.*, 88 Pa. Commonwealth Ct. 603, 491 A.2d 307 (1985). However, municipalities do have a substantial interest in seeing that the municipality is clean and safe for the community. Thus, those conditions relating to the requirement of having public liability insurance, the availability of safe and adequate access over public roads, the ceasing of landfill operations within twenty-four hours notice by the Board, the supplying of water within twenty-four hours of discovery to a neighbor whose water supply may be contaminated, and the limitations put on the height of the landfill, may be reasonable and lawful.

---

[1] Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. §§6018.101-1018.1003.

In *Stroudsburg Municipal Water Authority v. Versatile Investment Projects, Inc.,* 84 Pa. Commonwealth Ct. 434, 480 A.2d 352 (1984), this court indicated that the imposition of conditions is for the Board and the trial court has no power to impose them. In *Stroudsburg,* we held that the matter should be remanded to the Board to consider the imposition of such restrictions. This is particularly so where the trial court, in a de novo hearing, took no additional testimony.

> "[I]t is the local zoning officials who have the knowledge of local circumstances who should establish the conditions to be applied to special exceptions. . . . [W]e must remand this matter back to the court below with specific instruction to remand the matter back to the Board, solely for the purpose of establishing reasonable conditions. . . ."

*Gulf Oil v. Warminster Township Board of Supervisors,* 22 Pa. Commonwealth Ct. 63, 68, 348 A.2d 485, 487 (1975); *Derr Flooring Co. v. Whitemarsh Township Zoning Board,* 4 Pa. Commonwealth Ct. 341, 349, 285 A.2d 538, 543 (1971).

Accordingly, this matter is remanded to the trial court with specific instructions to remand the matter to the Board for the purpose of establishing reasonable conditions. As to the intervenors' cross-appeal, we affirm the trial court.

### ORDER

Now, August 4, 1988, that part of the order of the Court of Common Pleas of Chester County, No. 86-08483, dated August 25, 1987, which approved the application for the conditional use permit, is affirmed. That part of the order which sets forth the conditions to be met prior to said approval is vacated, and the trial court is directed to remand the record to the Board of

Supervisors of London Grove Township for the determination of reasonable conditions to be placed on the issuance of the conditional use permit, consistent with this opinion. As to the cross-appeal of Daniel E. Blevins and Nancy Lee Ellis, we affirm the trial court.

Jurisdiction relinquished.