547 A.2d 883

Dennis and Marjorie Akin and Richard and Nancy Tritt, Appellants *v.* South Middleton Township Zoning Hearing Board and Ebener Associates, Appellees.

*P. Richard Wagner, Mancke, Wagner & Marcello,* for appellants.

*Thomas J. Williams,* with him, *Ivo V. Otto, III, Martson, Deardorff, Williams & Otto,* for appellees.

OPINION BY JUDGE BARRY, September 27, 1988:

Dennis and Marjorie Akin and Richard and Nancy Tritt (protestants) appeal from an order of the Court of Common Pleas of Cumberland County dismissing their appeal from a decision of the South Middleton Township Zoning Hearing Board (Board). The protestants had contested the approval of a subdivision application granted by the South Middleton Township Supervisors (Township) to Ebener Associates (developer).[1]

On June 5, 1985, the Township approved the developer's conditional use application for a thirty-three unit townhouse community. On August 7, 1986, the Township approved the developer's subdivision plan conditioned on the furnishing of security. Subsequently, on August 29, 1986, the protestants filed their appeal with the Board. On September 30, 1986, the Board held a hearing on the appeal. On December 4, 1986, the Board rendered its decision finding that the protestants had raised no matters upon which the Township could have properly refused to approve the developer's final subdivision plan.

The protestants then appealed to the trial court which affirmed the Board. This appeal follows and we affirm the trial court.

In reviewing the Board's decision[2] we are mindful that approval of a subdivision plan may not be withheld

---

[1] The parties stipulated that the Board had jurisdiction to hear the protestants' challenge to the Township's approval of the developer's subdivision application. This stipulation is entirely consistent with Section 1007 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11007.

[2] The Board received additional evidence and heard testimony at its hearing on September 30, 1986. Accordingly, the decision on the subdivision application became the Board's decision. *See* Ryan, Pennsylvania Zoning Law and Practice, Section 11.3.6. On appeal to the trial court, however, no additional evidence was received.

when it complies with all applicable regulations. *Goodman v. Board of Commissioners of the Township of South Whitehall,* 49 Pa. Commonwealth Ct. 35, 411 A.2d 838 (1980). Further, a subdivision plan may not be required to conform to standards not contained in the subdivision ordinance. *Montgomery Township v. Franchise Realty Interstate Corp.,* 54 Pa. Commonwealth Ct. 535, 422 A.2d 897 (1980).

First, we will address the protestants' argument that the Board abused its discretion in failing to deny the developer's application in the absence of the furnishing of security pursuant to Section 509 of the MPC, 53 P.S. §10509. We find this argument to be meritless.

Section 916 of the MPC, 53 P.S. §10916 provides in pertinent part:

> Upon filing of any proceeding referred to in *section 914* and *during its pendency* before the board *all land development* pursuant to any challenged ordinance, order or approval of the zoning officer or of any agency or body, *and all official action* thereunder *shall be stayed* unless the zoning officer or any other appropriate agency or body certifies to the board facts indicating that such stay would cause imminent peril to life or property. . . .

(Emphasis added.)

We conclude that Section 916 operates to stay the posting of security by the developer.

By its terms, Section 916 is applicable only to proceedings referred to in Section 914 of the MPC, 53 P.S. §10914. Section 914 refers only to appeals taken to the

---

We conclude, then, that our proper scope of review is to determine whether the *Board* committed a manifest abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

Board pursuant to Sections 909, 910, 912 and 913 of the MPC.[3]

As noted earlier, the protestants' appeal was properly taken to the Board pursuant to Section 1007 of the MPC, 53 P.S. §11007, reference to which is absent from Section 914. However, Section 1007 provides in pertinent part:

> Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map *shall* first *submit their objections to the zoning hearing board under sections 909* and *915. . . .*

(Emphasis added.)

By the express provisions of Section 1007, a protestant's appeal from a governing body's approval of a subdivision application is taken to the zoning hearing board by way of Section 909. Since Section 914 does refer to Section 909, we find that Section 916 is applicable to appeals taken pursuant to Section 1007.

In applying Section 916 to the case before us, we find that it operates to stay the Township's requirement that the developer post security for the proposed improvements of its project during the pendency of the protestants' appeal. The requirement that security be posted can be considered an "official action" under Section 916 and is, accordingly, stayed. We find that this is a logical result inasmuch as Section 916 also stays any development of the land pursuant to the approval of the subdivision plan. In fact, if the protestants were suc-

---

[3] 53 P.S. §§10909, 10910, 10912 and 10913 respectively.

cessful in pursuing their appeal the developer's project may never come to fruition. With that as a possibility, the posting of security would be wasteful. Accordingly, we affirm the trial court's conclusion that the Board did not commit an abuse of discretion in finding that the time for the developer's posting of security was tolled by the filing of the protestants' appeal.

The protestants also argue that the Board erred in approving the developer's subdivision plan inasmuch as that plan failed to comply with Section 706(b) of the South Middleton Township Subdivision and Land Development Ordinance (Ordinance). That Section provides:

> *Where a subdivision is traversed by a water course* [sic], drainage way, channel or stream, there shall be *provided* a drainage easement conforming substantially with the line of *such water course* [sic], drainage way, channel or stream, and of such width as will be adequate to preserve the unimpeded flow of natural drainage or for the purpose of widening, deepening, relocating, improving or protecting such drainage facilities, or for the purpose of installing a storm water sewer.

(Emphasis added.)

The watercourse in question here consists of storm and surface water which begins its flow in an existing subdivision located north of the developer's proposed townhouse community. The water then flows across the property of the Nolls which is adjacent to the developer's tract on the north side. The water flows through a drainage pipe located on the Nolls' property and then follows the natural course of the land across the developer's tract. From there the water flows directly onto the Tritts' property (two of the protestants) which is adjacent to the developer's tract on the south side.

The protestants argue that the developer was required to obtain an easement from the Tritts pursuant to Section 706(b) of the Ordinance prior to an approval of its subdivision plan. They interpret Section 706(b) as requiring a developer to acquire a drainage easement from all adjacent landowners whose property may be affected by the drainage from a watercourse running across the tract sought to be developed. We agree with the Board that the protestants have misread the easement requirements of the Ordinance.

First, we must keep in mind that subdivision ordinances must be strictly construed against the municipality. *Gulf Oil Corp. v. Board of Supervisors Warminster Township,* 22 Pa. Commonwealth Ct. 63, 348 A.2d 485 (1975). In this case, we find that as between the protestants' construction and the Board's construction, the municipality's is the more strict of the two. Accordingly, we adopt the Board's interpretation of Section 706(b) of the Ordinance.

The Board interprets Section 706(b) to mean that a *developer* must *provide* a drainage easement for any watercourse, channel or stream *across* the *developer's* own *land to the municipality.* We agree that this is the correct interpretation of Section 706(b). The phrase "[w]here a subdivision is traversed by a water course [sic]" clearly refers to the tract sought to be developed. This watercourse across the developer's tract is clearly the object to which the phrase "such water course [sic]" refers. It would seem, then, that the drainage easement required by the Ordinance can only be "provided" by the owner of that tract, *i.e.,* the developer. The logical, though unnamed, grantee of the easement sought by the ordinance would be the municipality.

As an alternative argument, the protestants assert that the Board erred in approving a subdivision plan which would have the effect of authorizing a trespass

upon the Tritts' property. They cite *Brady Brothers Co. v. Board of Supervisors of Whitpain Township,* 54 D. & C. 2d 359 (1971) to support their assertion that a subdivision plan should be denied where its approval would authorize a trespass. We find the facts in *Brady* to be so different from the case before us to conclude that it is not applicable, much less, controlling.

In *Brady* the trial court found that the developer's subdivision proposed a system to artificially collect and channel the flow of surface water and convey it by an underground conduit to a point a few feet from his neighbor's property. Further, the trial court found that the stream into which the flow was to be directed was "presently burdened beyond its capacity during peak storms," *Brady* at 364 and that the developer's "proposal will aggravate that condition." *Id.* In the case before us, the Board found that the developer's subdivision plan proposes to let the surface water flow its natural course across its tract.

The factual differences between *Brady* and the case before us illustrate the foundation for the fundamental rule of law that "an upper landowner is liable for the effects of surface water only where he has A) diverted the water from its natural channel by artificial means or B) unreasonably or unnecessarily increased the quantity (or changed the quality) of water discharged upon his neighbor." *LaForm v. Bethlehem Township,* 346 Pa. Superior Ct. 512, 523, 499 A.2d 1373, 1378 (1985).

We also disagree with the trial court's legal conclusion in *Brady.* If a trespass occurs the protestant may have a cause of action against the developer at some future date. Absent a regulation to the contrary contained in the subdivision ordinance, the creation of a trespass here is not a sufficient basis upon which the Board could have denied the developer's application. *Goodman, Montgomery Township.*

120

Based on the foregoing we affirm the order of the trial court.

## ORDER

Now, September 27, 1988, the Order of the Court of Common Pleas of Cumberland County at No. 3753 Civil 1986, dated August 18, 1987, is hereby affirmed.