**WATTS RESIDENTIAL ASSOCIATES, Legal Owner, and Fine Line Homes, Inc., Equitable Owner, Appellants**

v.

**The BOARD OF SUPERVISORS OF WATTS TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 2012.

Decided Jan. 8, 2013.

Robert M. Walker, Camp Hill, for appellants.

Linus E. Fenicle, Camp Hill, for appellee.

BEFORE: LEAVITT, Judge, and McCULLOUGH, Judge, and COLINS, Senior Judge.

OPINION BY Judge McCULLOUGH.

Watts Residential Associates and Fine Line Homes, Inc. (together, Developer) appeal from the May 10, 2012 order of the Court of Common Pleas of the 41st Judicial District (Perry County Branch) affirming the February 9, 2011 decision of the Watts Township Board of Supervisors (Board) to grant approval of the "Susquehanna Highlands—Preliminary Subdivision Plan" subject to the condition that a street in an adjacent subdivision be completed, or security for its completion be in place, in order for the Susquehanna Highlands plan to receive final approval. We affirm.

Developer owns an 82–acre tract of land along Pinetree Drive, a township road that connects to U.S. Route 11/15 at one end and terminates at the southern boundary of the property. Developer filed an application with the Board for preliminary approval of the Susquehanna Highlands subdivision pursuant to a plan prepared by Alpha Consulting Engineers, Inc. (Alpha Consulting). The plan proposes a single phase of development for the entire tract with the creation of 34 single-family building lots and one public street, an extension of Pinetree Drive. The extension of Pinetree Drive would be constructed through the Susquehanna Highlands property, would be approximately 5,500 feet in length, and would end at the southern border of the property where it abuts Phase 3 of the residential subdivision known as River Mist.

The River Mist subdivision is owned and being developed by Jorich Land Development Corporation (Jorich). Jorich also used Alpha Consulting to prepare its development plans, and Jorich received preliminary approval from the Board in 2007 to develop River Mist into 34 single-family building lots. The preliminary plan for River Mist proposed a public street to be constructed to the border of the Susque-

hanna Highlands development, which would connect to the continuation of Pinetree Drive on that property. When the Board approved the preliminary plan for River Mist three years earlier, it imposed no restriction upon Jorich's ability to construct a street up to the common border.

On the same date that Developer filed its preliminary plan application for Susquehanna Highlands, Jorich filed an application with the Board for final approval of Phase 3 of River Mist, which reflected a continuation of the road as shown on the preliminary plan for River Mist and a connection of the River Mist Phase 1 road with the extension of Pinetree Drive being simultaneously proposed by Developer on its preliminary plan for Susquehanna Highlands. The common roadway/connection point was shown on both plans as prepared by Alpha Consulting.

Section 401.10 (Cul-de-sacs or Dead end Streets) of the township's Subdivision and Land Development Ordinance (SALDO) states that "[c]ul-de-sacs or dead end streets, *designed to be permanent,* shall not exceed five hundred (500) feet in length, and shall be provided with a turnaround having a minimum dimensions for right-of-way and cartway widths as indicated in the preceding section." (R.R. at 67a) (emphasis added). As noted above, Developer's proposed extension of Pinetree Drive is 5,500 feet long, or ten times the length allowed by the SALDO. In its review of the Susquehanna Highlands preliminary plan, the township planning commission cited safety considerations and concluded that a second access to the subdivision should be required. The planning commission recommended that the Susquehanna Highlands preliminary plan not be approved until the connection to the road in the River Mist subdivision plan can be established. Similarly, the township engineer suggested that Developer apply

for a waiver from the requirements of section 401.10.

On February 2, 2011, the Board considered Developer's preliminary plan and expressed concern that the extension of Pinetree Drive through Susquehanna Highlands could not be completed if River Mist did not complete its road, resulting in a violation of section 401.10. The Board approved Developer's preliminary plan subject to the following condition:

> The River Mist 3 Subdivision Plan must receive final approval from the Board of Supervisors and the street in that subdivision must be completed or there must be appropriate security in place satisfactory to the Township for the completion of the street prior to final approval of the Susquehanna Highlands Subdivision Plan. The basis for this condition is that the street in the Susquehanna Highlands Subdivision connects with the street in the River Mist 3 Subdivision and in order to meet the requirements of [section 401.10 of the SALDO] it is necessary for the street in the River Mist 3 Subdivision to be completed or security must be in place for its completion prior to final approval of the Susquehanna Highlands Final Plan.

> This condition must be accepted by the Applicant/Developer within 15 days from the date of this letter or the preliminary plan will be considered to have been denied on the basis that the street in the plan fails to meet Section 401.10 of the [SALDO].

(R.R. at 8a.)

█ Developer did not accept this condition but instead filed a land use appeal with the trial court. On July 13, 2011, the parties filed a stipulation of facts, (R.R. at 146a–50a), which recited most of the above facts and also stated that Jorich had not received final approval of River Mist

Phase 3 as of that date.[1] The trial court did not take any additional evidence and affirmed the Board's decision. The trial court held that the condition imposed by the Board was proper because Pinetree Drive would be a dead end street until such a time as Jorich constructed or at least guaranteed construction of the River Mist part of the road connection. Developer now appeals to this Court.[2]

Developer argues that the extension to Pinetree Drive reflected in the Susquehanna Highlands preliminary plan was not *designed* to be permanent and, therefore, the proposed preliminary plan did not violate section 401.10 of the SALDO. Developer notes the following evidence in support of its argument: (1) Jorich's preliminary plan for the River Mist subdivision shows a connection road leading to the common boundary with the Developer property, and this preliminary plan was approved with no conditions three years ago; (2) the Susquehanna Highlands preliminary plan shows the extension of Pinetree Drive connecting to the road on the River Mist property; (3) the final plan submitted by Jorich on the same day as Developer submitted its preliminary plan shows the connection to Pinetree Drive; and (4) the Board allowed a waiver of other ordinance requirements allowing the extension of Pinetree Drive to be 26 feet in width rather than 30 feet in order that it could correspond to the width of the connector street from River Mist. Developer contends that, because the above evidence clearly demonstrates that the extension of Pinetree Drive is not *designed* to be permanent, the Board disregarded the plain language of section 401.10 in imposing the condition. In addition, citing the principle of "*expressio unius est exclusio alterius*," Developer asserts that because section 401.10 mentions dead end roads designed to be permanent, dead end roads not designed to be permanent are not subject to section 401.10.

Developer also asserts that the Board's reading of section 401.10 of the SALDO disregards the common and ordinary meaning of the words and phrases contained therein. Finally, Developer cites *Akin v. South Middleton Township Zoning Hearing Board,* 120 Pa.Cmwlth. 112, 547 A.2d 883, 884 (1988) (holding that when a subdivision plan complies with all objective provisions of the applicable subdivision ordinance, as well as all other applicable regulations, the plan must be approved as filed), and *Montgomery Township v. Franchise Realty Interstate Corp.,* 54 Pa.Cmwlth. 535, 422 A.2d 897, 899 (1980) (holding that in order for a condition to properly attach, there must be some requirement of the ordinance that the proposed plan does not meet), and argues that because the Susquehanna Highlands preliminary plan does not violate section 401.10 of the SALDO, the Board abused its discretion in imposing the condition.

The Board responds that Developer submitted a subdivision plan that proposed building a dead end street 5,500 feet in

---

1. Section 306.1 of the SALDO states that final approval must be obtained within 3 years of approval of the preliminary plan, otherwise the preliminary plan becomes null and void. The subdivider may request an extension and may submit the final plan in sections.

2. In a land use appeal where the trial court does not take additional evidence, our scope of review is limited to determining whether the local government body committed an error of law or an abuse of discretion. *Residents Against Matrix v. Lower Makefield Township,* 845 A.2d 908 (Pa.Cmwlth.2004). The governing body abuses its discretion when its findings of fact are not supported by substantial evidence. *Id.*

length. According to the Board, the street is designed to be permanent, and Developers only assume that someday Pinetree Drive will connect to the proposed street contained in River Mist 3. The Board observes that the proposed connecting street in River Mist 3 has not been constructed and there is no security in place for its installation. The Board also notes that while it is possible Pinetree Drive will become a through-street, such an occurrence is not within Developer's control. The Board argues that, because it is possible that the road in River Mist will not be constructed, the road as proposed in Developer's preliminary plan *is* designed to be permanent, and therefore the subdivision plan is in violation of section 401.10. Although the Board acknowledges that, "[w]here a subdivision plan complies with all *objective* provisions of the applicable subdivision ordinance as well as all other applicable regulations, the plan must be approved," *Herr v. Lancaster County Planning Commission,* 155 Pa.Cmwlth. 379, 625 A.2d 164, 168 (1993) (emphasis added), the Board argues that Developer's interpretation of section 401.10 of the SALDO is a subjective interpretation that is not supported by case law or other authority.

■ Fundamentally, Developer's argument is that a developer's preliminary subdivision plan can demonstrate compliance with ordinance requirements by citing anticipated actions of a third party. Although much evidence indicates an *intent* on Jorich's part to construct a road that connects to the extension of Pinetree Drive in Susquehanna Highlands, the Board properly observed that Developer has no control over the completion of the adjacent subdivision. In this regard, we note that five years have passed since Jorich received approval of its preliminary plan.

On its face, Developer's preliminary plan proposes a road that is to be a dead end street, well in excess of 500 feet, and therefore in violation of section 401.10. Developer acknowledges that, examined on its own, without the corresponding construction of River Mist Phase 3, its proposed extension of Pinetree Drive could be viewed as a dead end street exceeding 500 feet in length. Nevertheless, Developer contends that there is no evidence that the street is *designed* to be permanent. Contrary to this argument, Developer's unwillingness to be bound by the condition is ample evidence that completion of the adjacent development is not a certainty. Moreover, with respect to Developer's evidentiary argument, the Board correctly found that compliance with section 401.10 was not reflected in Developer's preliminary plan.

Although presented separately, Developer's additional arguments are merely variations on the same theme. For example, citing *Borough of Franklin Park v. Atlas Development Co.,* 91 Pa.Cmwlth. 417, 497 A.2d 675, 680 (1985), Developer argues that the Board cannot attach approval conditions to a plan that has no defects and meets ordinance requirements. Developer also complains that, by conditioning approval of the Susquehanna Highlands preliminary plan on the final approval of Jorich's subdivision plan or the completion of the street contained in River Mist, the Board has given Jorich the power to block the development of Susquehanna Highlands. Developer maintains that conditioning final approval of its subdivision plan on the approval of an adjacent subdivision in control of a competitor, or the completion of a road in control of a competitor, is not a standard contained in the SALDO. However, despite Developer's efforts to characterize the circumstances differently, the record supports the Board's determination that the preliminary

subdivision plan for Susquehanna Highlands fails to satisfy the requirements of section 401.10 of the SALDO.

Finally, Developer argues that the Board erred in disregarding section 401.1 of the SALDO, which sets forth general standards for street designs and mandates that proposed streets be designed and built to run to the boundary of an adjoining tract, whether or not the adjoining tract is already subdivided. (R.R. at 63a.) Developer contends that both it and Jorich took all necessary steps to satisfy section 401.1. Relying on *Borough of Franklin Park*, but without elaboration, Developer argues that the condition imposed by the Board disregards Developer's compliance with SALDO sections governing street continuity.

■ In relevant part, this Court held in *Borough of Franklin Park* that a township cannot impose conditions that result in a conflict between applicable ordinance provisions:

> Sections 2B4 and 8 operate to extend streets of new subdivisions to the boundaries of the tract. To require a cul-de-sac and a reserve strip to prevent increased traffic from the townhouses under Section 2A2 results in an inconsistent application of the provisions of the Ordinance. The imposition of the conditions here involved would cause a conflict between Section 2A2 and Sections 2B4 and 8 related below. Therefore, the Board cannot justify its conditions by reliance on Section 2A2.

*Borough of Franklin Park*, 497 A.2d 675, 679. In contrast to that case, here there is no conflict between the SALDO provisions at issue, requiring that proposed streets be designed and built to run to the boundary of an adjoining tract and limiting the length of dead end streets to 500 feet. Therefore, Developer's reliance on *Borough of Franklin* Park is misplaced.

Moreover, it is Developer, rather than the Board, that fails to read the ordinance provisions in *pari materia*. Developer's argument in this regard suggests that compliance with the general provisions of section 401.1 satisfies or obviates the need to satisfy the specific requirement of section 401.10. The former provision addresses where streets are to be built, the latter addresses the maximum length of certain of those streets.

We conclude that the requirements of section 401.10 of the SALDO are not satisfied by a subdivision plan that, on its face, allows for the construction of a dead end road more than a mile in length. Accordingly, we affirm.

### ORDER

AND NOW, this 8th day of January, 2013, the order of the Court of Common Pleas of the 41st Judicial District (Perry County Branch) dated May 10, 2012, is affirmed.