625 A.2d 164

**E. Marvin HERR, Appellant,**

v.

**LANCASTER COUNTY PLANNING COMMISSION and Pequea Township, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1992.

Decided May 3, 1993.

380 

382

Charles E. Zaleski, for appellant.

Fronefield Crawford, Jr., for appellees.

Gilbert G. Malone, for intervenor Pequea Tp.

Before DOYLE and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

This is an appeal by E. Marvin Herr from an order of the Court of Common Pleas of Lancaster County which affirmed a decision and adjudication of the Lancaster County Planning Commission (Commission) denying Herr's revised subdivision application.

Herr owns a 221.19 acre tract of land in Pequea Township (Township) which he proposed to subdivide and develop as residential property. At the time of his subdivision application, the Township zoning ordinance allowed such development.

Herr filed a preliminary subdivision plan with the Commission on April 24, 1990 proposing 260 single family dwellings, 96 multi-family dwellings, and 2 industrial lots.[1] This plan was rejected by the Commission on July 23, 1990 and Herr failed to appeal. Following the Commission's decision, Herr's representatives met with members of the Commission Staff to discuss the plan's deficiencies.

On August 10, 1990, Herr filed a revised subdivision plan application (Plan), including a request for waivers of various provisions of the Lancaster County Subdivision and Land Development Ordinance (Ordinance). The Plan proposed 265 single family detached lots and 2 industrial lots, but omitted the 96 multi-family dwellings. While the Plan was being reviewed by the Commission staff, the Township amended its zoning ordinance, "down-zoning" Herr's property to an exclusive agricultural district which would prohibit the proposed development.[2]

The Commission staff issued a recommendation on October 2, 1990 suggesting conditional approval of the plan and the Commission itself was scheduled to take action on the recommendation on October 9, 1990. The staff recommendation, however, was discovered to be erroneous as the staff had meant to recommend rejection of the plan rather than conditional approval. As a result of the confusion surrounding the staff's recommendation, action on the Plan was postponed until October 22, 1990.

1. Because the Township does not have a subdivision ordinance, jurisdiction over subdivision approval within the Township lies with the Commission. *See* Sections 501 and 502 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10501–02; Section 102.01, Lancaster County Subdivision and Land Development Ordinance (Ordinance).

2. This rezoning was consistent with a comprehensive plan adopted by the Township on April 24, 1990.

The Commission issued a decision on October 23, 1990 rejecting the Plan and citing 9 nonconformities with Ordinance design requirements and 15 deficiencies with respect to Ordinance stormwater management requirements, 24 deficiencies in all. The decision also rejected Herr's request for waivers of various Ordinance provisions. Herr filed an administrative appeal with the Commission which issued an adjudication reversing itself on 8 of the 24 deficiencies, but affirming its decision concerning the remaining 16 and the denial of the waivers.

Herr appealed to the common pleas court which allowed the Township to intervene in the appeal as a matter of right pursuant to Section 1004–A of the MPC, 53 P.S. § 11004–A. Following a hearing at which no additional evidence was taken, the common pleas court affirmed the Commission's adjudication. This appeal followed.

■ On appeal to this Court, Herr raises three issues which we will address seriatim. As a point of departure, however, we note that in a land use appeal, where the trial court has not taken any additional evidence, our scope of review is limited to a determination of whether the governing body (in this case the Commission) has committed an error of law or abused its discretion, *Rouse/Chamberlin, Inc. v. Board of Supervisors of Charlestown Township*, 94 Pa. Commonwealth Ct. 413, 504 A.2d 375 (1986), and the governing body abuses its discretion when its findings of fact are not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

## *I. Intervention of Pequea Township*

■ Initially, Herr contends that the common pleas court erred by allowing the Township to intervene as a matter of right in the appeal.

Section 1004–A of the MPC establishes the means by which a party may intervene in a land use appeal:

Within the 30 days following the filing of a land use appeal, if the appeal is from a board or agency of a municipality, the

municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention ... All other intervention shall be governed by the Pennsylvania Rules of Civil Procedure.

 Herr argues that the Commission is neither a board nor an agency of the Township, and that the Township's intervention in the appeal should therefore have been governed by the Rules of Civil Procedure.[3] While it is clear that the Township has not taken any action designating the Commission as its official administrative agency for review and approval of plats, this failure to act is of no import because the MPC mandates that the Commission acts as the Township's reviewing agency where the Township takes no action itself.

Section 502(a) of the MPC provides that "[t]he powers of governing bodies of counties to enact ... land development ordinances shall be limited to land in those municipalities ... within the county which have no subdivision and land development ordinance...." 53 P.S. § 10502(a). Section 502(b) then provides that "[t]he enactment of a subdivision and land development ordinance by any municipality, other than a county, whose land is subject to a county subdivision and land development ordinance shall act as a repeal pro tanto" of the county subdivision ordinance. 53 P.S. § 10502(b). The MPC thus provides that, where a municipality has not adopted its own subdivision ordinance, the county's ordinance will control. If a municipality fails to enact its own ordinance, it has, by operation of law, delegated all subdivision matters, including review and approval of applications, to the county.[4]

3. In order to intervene under the Rules of Civil Procedure, a party must file a petition with the court which may deny the petition if the interests of the petitioner are already adequately represented. *See Acorn Development Corp. v. Zoning Hearing Board of Upper Merion Township*, 105 Pa.Commonwealth Ct. 138, 523 A.2d 436 (1987), *petition for allowance of appeal denied*, 517 Pa. 632, 539 A.2d 813 (1988).

4. It is also possible for a municipality to adopt a county's subdivision ordinance by reference, but at the same time establish its own agency for the administration and review of plats submitted under that ordinance. *See* Section 502(c) of the MPC, 53 P.S. § 10502(c) which provides:

As noted above, the Township in the instant case has not enacted a subdivision ordinance and thus has delegated regulation of all subdivision matters to the county. The county, in turn, has designated the Commission as the agency which will review and approve all plats. We conclude, therefore, that the Commission is, in effect, an "agency" *of* the Township for the purposes of Section 1004–A of the MPC and that the trial court did not err by allowing the Township to intervene in Herr's appeal as a matter of course.[5]

This interpretation conforms with the obvious intent of Section 1004–A, which is to provide municipalities with the right to intervene in land use matters in which they obviously have a direct and substantial interest. This immediate interest is not abdicated by the failure of a municipality to enact its own subdivision ordinance, and an interpretation penalizing a municipality by restricting its right of intervention, when it would clearly possess such a right had it merely enacted its own subdivision ordinance, is not mandated by the statute.

## II. *Compliance with ordinance requirements.*

Where a subdivision plan complies with all objective provisions of the applicable subdivision ordinance as well as all other applicable regulations, the plan must be approved. *Akin v. South Middleton Township Zoning Hearing Board,* 120 Pa.Commonwealth Ct. 112, 547 A.2d 883 (1988). The rejection of a plan may stand, however, if validly supported by even one of several objections. *See, e.g., County Builders, Inc. v. Lower Providence Township,* 5 Pa.Commonwealth Ct. 1, 287 A.2d 849 (1972). Where a plan is not approved as filed, the decision denying approval must specify the defects found in the plan and cite to the specific provisions of the ordinance

Further, any municipality other than a county may adopt by reference the subdivision and land development ordinance of the county, and may by separate ordinance designate the county planning agency, with the county planning agency's concurrence, as its official administrative agency for review and approval of plats.

5. If we were to hold otherwise, the municipality, one of the parties with the most compelling interest in the grant or denial of the subdivision plan, would have only discretionary access to intervene in the litigation.

which are relied upon. Section 508(2) of the MPC, 53 P.S. § 10508(2). Herr contends that all sixteen cited deficiencies affirmed by the Commission [6] are either erroneous or based upon requirements not applicable to a preliminary plan, not contained in the Ordinance, or non-objective requirements contained in the Ordinance.

A review of the Commission's adjudication (Adjudication) reveals that this is not a case in which the decision is void due to a lack of citation to specific ordinance provisions or because the provisions of the ordinance relied upon are impermissibly vague. *See Goodman v. Board of Commissioners of the Township of South Whitehall,* 49 Pa.Commonwealth Ct. 35, 411 A.2d 838 (1980). We must thus examine the Commission's findings of non-compliance to determine whether they are supported by substantial evidence or whether the Commission misinterpreted the Ordinance. A brief review of some of the findings challenged by Herr convinces us that the Commission did not err in its treatment of his Plan.[7]

■ In paragraph 39 of the Adjudication, the Commission found that Herr had failed to comply with Section 402.05(b) of the Ordinance which requires that "where the land included in the subject application has an electric transmission line … located within the tract, the application shall be accompanied by a letter from the owner or lessee of such right-of-way stating any conditions on the use of the land … This requirement may also be satisfied by submitting a copy of the recorded agreement." Although Herr did submit the deed to his property, the Commission found that this document did not provide the information contemplated by the Ordinance. After examining the deed, we must agree. The deed contains no mention of the right-of-way of Pennsylvania Power and Light crossing Herr's land and thus cannot provide the information required by the Ordinance.

6. *See* Findings of Fact Numbers 2, 3, 6, 9, 10, 11, 12, 13, 14, 15, 16, 19, 21, 22, 23, and 24.

7. While we agree that some of the challenged deficiencies are indeed unfounded, the deficiencies which remain are more than sufficient to justify the Commission's rejection of the Plan.

■ In paragraph 40 of the Adjudication, the Commission found that Herr's plan failed to comply with Section 611.07.-1(g) of the Ordinance because it did not demonstrate that certain lots offered for dedication as public park land meet a three percent grade requirement. Herr argues that this finding constitutes an error of law because Section 611.07.1(g) only requires that the *finished* grade be three percent or less and that this requirement is thus not applicable to his preliminary plan.

What Herr's argument fails to take into account, however, is Section 402.04(k)(4) of the Ordinance which requires that the guidelines for lot grading within the subdivisions be included in the preliminary plan information. This information is necessary at this stage in order to set stormwater management calculations; alteration of the grade at a later stage could result in alteration of stormwater management plans. Thus, by the terms of the Ordinance, the fact that the information provided relates only to the finished grade does not relieve Herr of the obligation to provide such information at the preliminary plan stage.

■ One of the most serious defects of the Plan was the failure of several of the lots to comply with the minimum lot area requirements of the Township zoning ordinance. In finding number 43 of the Adjudication, the Commission found that eight of the lots had deficiencies ranging from 99 to 1,570 square feet. Herr contends that the deficiencies are de minimis and that minor revisions would have solved the problem. First, we do not consider a deviation of 1,570 square feet to be de minimis. Further, while the deficiencies might be considered de minimis by Herr, this does not change the fact that the Plan, as submitted, does not comply with the Ordinance and, as discussed below, the Commission is only required to assess the plan as submitted.

■ Herr also contends that even if some of the lots were deficient, the Ordinance does not require exact dimensions at the preliminary planning stage. Section 402.04(b) does indeed provide that all that need be provided in a preliminary plan is

the "layout of the lots, with approximate dimensions." This does not, however, relieve a developer of the obligation to present conforming lots in his plan. It merely allows a developer some flexibility with regard to lot *dimensions (i.e.,* distance of each side and angles) as opposed to lot *area.* Once qualified by area, the lot lines could then be approximated.

The Commission also found that Herr's Revised Plan failed to comply with stormwater management requirements of Sections 402.04(k) and 608 of the Ordinance in numerous respects. Herr's challenge to these findings of the Commission is essentially a dispute over the credibility of his experts as opposed to those of the Commission. Of course, the Commission is the finder of fact empowered to choose between conflicting testimony. *See Township of Plymouth v. County of Montgomery,* 121 Pa.Commonwealth Ct. 303, 550 A.2d 1033 (1988).

Substantial evidence exists to support the Commission's findings that the Revised Plan lacked information necessary to determine compliance with Section 608.01.2(*o*) and (v) of the Ordinance concerning the design of roadside swales (N.T. 274–75), that the 100–year floodplain calculation included in the Revised Plan was inaccurate, (N.T. at 306–07), and that the Plan failed to establish the capacity of a 36 inch culvert on Penn Grant Road to handle additional flows created by construction (N.T. 308–09). This is just a partial listing of the deficiencies with respect to the Ordinance's stormwater management requirements.

Taken together, these cited defects establish that the Plan was at substantial variance with the requirements of the Ordinance. We conclude, therefore, that the Commission did not abuse its discretion in rejecting the Plan.

Moreover, as an integral part of the Plan, it was necessary for Herr to secure waivers to several requirements of the Ordinance. Section 803.01 of the Ordinance provides that a waiver may be granted where literal compliance with provisions of the Ordinance would be unreasonable, cause undue hardship or if an applicant shows that an alternate

proposal would provide better results. The Commission concluded that Herr had failed to present any evidence whatsoever establishing these circumstances.

Herr's sole contention with respect to the denial of the waivers concerns what he characterizes as the Commission Staff "mysteriously" changing its position on Herr's waiver requests from an initial approval to a denial. The recommendations of the Commission staff are irrelevant, however, because they are just that—recommendations. The Ordinance nowhere requires the Commission to follow the staff's recommendation and the Commission could have rejected the waiver requests even if the staff had recommended their approval.

Further, our review of the record reveals that even apart from the staff's recommendations, Herr failed to present any evidence or argument establishing entitlement to the requested waivers (*e.g.*, undue hardship). Thus, even if the Plan had conformed in all other respects with the Ordinance, the Commission's rejection would have been appropriate on the basis of the rejection of the waiver requests alone.

### III. Good Faith

Herr also argues that, even if the Plan did not fully comply with the Ordinance, the handling of his application demonstrates a lack of good faith on the part of the Commission. Thus, Herr argues, conditional approval of the Plan is required in accordance with our decisions in *Raum v. Board of Supervisors of Tredyffrin Township*, 29 Pa.Commonwealth Ct. 9, 370 A.2d 777 (1977), and *Township of Plymouth.*

Herr's reliance on these precedents is misplaced, however, because they are clearly distinguishable from the case now before us. In *Raum*, the landowner, after protracted litigation concerning the validity of the municipality's zoning ordinance as applied to his land, filed a subdivision application. Seventy-eight days following submission of the application, yet only two days before the municipality was scheduled to act upon the submission, the municipality's planning commission voted against recommending approval of the application and

informed the landowner of two "technical errors" in the proposed plan. Although the landowner made modifications to meet the alleged deficiencies within the two days available, the governing body refused to consider the modifications and rejected the plan on the basis of the alleged "technical errors."

In *Raum*, we held that the planning commission and governing body had acted in such a manner as to reject the landowner's application by waiting until the last possible moment to raise objections, and then claiming that there was insufficient time to consider his modifications. We noted that this practice was a complete departure from the review procedures contained in the subdivision ordinance and that the errors on which rejection of the application was based were completely specious; one of the alleged errors was that the application contained too much information and the other concerned an alleged defect which by the municipality's own admission had no basis in the subdivision ordinance.

We also concluded, as a matter of law, that a municipality has a legal obligation to proceed in good faith in reviewing and processing development plans, which includes a duty to discuss technical requirements and providing an applicant a reasonable opportunity to respond to objections or modify the plans. Accordingly, based upon the conduct of the municipality in *Raum*, we found that the municipality had acted in bad faith and ordered approval of the application.

Herr argues that the conduct of the Commission in the instant case is analogous to that of the governing body in *Raum* and requires the same result. We disagree. The instant case is distinguishable from *Raum* for at least two important reasons. First, the errors cited in the Plan concerned real, substantive objections with a basis in the Ordinance; non-conformance with lot size, non-conformance with stormwater requirements, non-conformance with grading requirements. These defects are obviously not comparable to the frivolous defects cited to defeat the plan in *Raum* and exhibit no lack of good faith on the Commission's part.

Further, notwithstanding some confusion concerning the Commission's staff's initial recommendation, remedied by postponement of action on the Plan, Herr was afforded a full two weeks to address the defects cited in the Commission staff's recommendation. Herr was informed of the recommendation of disapproval October 9, 1990 and final action on the Plan was not taken until October 22, 1990. In fact, Herr's representatives met with members of the Commission staff on October 17, 1990 and at that time had the opportunity to discuss the deficiencies. N.T. at 418–19. Thus, unlike the landowner in *Raum*, and in spite of the fact that Commission practice prevented the submission of additional information, Herr was afforded an opportunity to address the cited defects in the Plan.

In *Township of Plymouth*, Montgomery County was attempting to develop a waste disposal plant in Plymouth Township and submitted a subdivision application to the township. Prior to the township's decision on the application, the county attempted to submit new materials in response to the township's engineer's comments on the application. The township refused to accept the new information and rejected the application. The county appealed to the common pleas court which took additional evidence and not only considered the information the county had attempted to submit, but also considered additional information supplied by the county.

The township appealed to this Court, arguing that the information submitted following the initial submission of the application created substantial changes and therefore a new submission. We held that the common pleas court did not err in considering the newly submitted materials because they did not alter the core of the plan, and thus constituted merely supplemental material. As proof of this, we noted that the new material had the effect of reducing the number of ordinance violations complained of by the township from thirteen to three.

We fail to see a parallel between *Township of Plymouth* and the matter now before us. While the holding in *Township of Plymouth* indicated that it is not error to consider additional

materials which do not constitute a revision of the submitted plan, the case contains no mandate that such additional materials must be accepted and considered. As noted above, it is the Commission's policy not to accept additional information during the pendency of a plan. N.T. at 163, 164.[8] Thus, it cannot be contended, based on *Township of Plymouth,* that the Commission exhibited any lack of good faith concerning Herr's Revised Plan.

Herr also argues that the Commission acted in bad faith by rejecting his Revised Plan outright instead of approving it subject to the correction of any deficiencies. We note first that neither *Township of Plymouth* nor *Raum* mandates conditional approval. In both of these cases, the acceptance of the additional information would have served to resolve some of the outstanding deficiencies *prior to* the decision on the application and we nowhere indicated that a municipality would be required to grant approval contingent on a *subsequent* resolution of any deficiencies.

While it is true that a preliminary subdivision application looks toward an approval subject to conditions,[9] there is nothing in the MPC or case law to suggest that conditional approval, rather than outright rejection, *must* be granted where a proposed plan fails to comply with objective, substantive provisions of a subdivision ordinance. And, while it has been held that conditional approval should be granted where objections to an application concern compliance with other non-subdivision requirements, *Stein v. Easttown Township Board of Supervisors,* 110 Pa.Commonwealth Ct. 293, 532 A.2d 906 (1987) (approval of preliminary plan should not be denied based upon need for DER approval; plan should be approved subject to later DER approval); *Harrisburg Fore Associates v. Board of Supervisors of Lower Paxton Town-*

8. The Commission does permit a landowner to withdraw a plan at any time, and then submit a new plan as a separate and new application. Commission Finding No. 35; N.T. at 168. The difficulty in the instant case arose because the land in question was "down-zoned" during the pendency of Herr's Revised Plan.

9. *See* Robert S. Ryan, Pennsylvania Zoning Law and Practice § 11.2.2.

*ship,* 21 Pa.Commonwealth Ct. 137, 344 A.2d 277 (1975) (Penn DOT approval), or where the problems with the proposed plan are relatively minor, *Valley Run, Inc. v. Board of Commissioners of Swatara Township,* 21 Pa.Commonwealth Ct. 649, 347 A.2d 517 (1975), where the objections concern fundamental defects in the plan, such as failure to conform to lot size requirements of the zoning ordinance, rejection is appropriate. *See* Robert S. Ryan, Pennsylvania Zoning Law and Practice § 11.2.8. We conclude that, where a preliminary subdivision plan fails to comply with the substantive requirements of the subdivision ordinance, its rejection or conditional approval is within the discretion of the governing body.

In the instant case, the Commission's decision cited several fundamental defects, including the failure of several lots to conform with the Township zoning ordinance's lot size requirements and failure to provide necessary stormwater management information. Thus, *Valley Run, Harrisburg Fore Associates* and *Stein* are inapposite. Having concluded that the Commission did not err in finding that the Plan failed to meet several objective requirements of the Ordinance, we cannot conclude that the Commission has committed an abuse of discretion by rejecting the Plan rather than approving it conditionally.

Accordingly, the order of the Court of Common Pleas of Lancaster County is affirmed.

### ORDER

NOW, May 3, 1993, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is hereby affirmed.