635 A.2d 743

**In re Appeal of David FIORI from the Decision of the Township of Bensalem,**

**Appeal of David Fiori, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1993.

Decided Dec. 27, 1993.

660

Stanton C. Kelton, III, for appellant.

Darrell M. Zaslow, for appellee.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

David Fiori (Fiori) appeals from an order of the Court of Common Pleas of Bucks County (trial court) which affirmed the decision of the Bensalem Township Council (Council) denying Fiori's application for preliminary land development.[1] We affirm.

Fiori is the owner of an undeveloped lot located at 3635 Bristol Road in Bensalem. The subject property is zoned RA–1 residential. In order to construct a single story, two-office medical building on the property, Fiori sought a use variance from the Zoning Hearing Board of Bensalem Town-

[1] This case was reassigned to the authoring judge on November 29, 1993.

ship (ZHB). By order dated May 5, 1987, the ZHB granted Fiori the requested use variance.[2]

Thereafter, Fiori filed a second request for a variance with respect to a buffer strip, a planting strip and side yards. The ZHB, in granting these dimensional variances, specifically conditioned the grant "upon [Fiori] developing his property in conformity with the attached plan dated July 9, 1987, and otherwise complying with all other applicable ordinances, resolutions, rules and regulations of Bensalem Township as they apply to this property." ZHB's Order, dated November 10, 1987.

On April 6, 1990, Fiori submitted a preliminary land development plan to Council for its consideration and approval pursuant to the Bensalem Township Subdivision and Land Development Ordinance No. 268 (Ordinance). The submitted plan was in conformity with the plan attached to the July 9, 1987 application. Following a public hearing, Council rejected this plan, citing its failure to comply with the requirements of the Ordinance.

Fiori appealed to the trial court which, without taking additional evidence, affirmed Council's decision. This appeal followed.[3]

■ The sole issue presented on appeal to this court is whether Council erred in denying Fiori's application for preliminary land development which, despite having received use and dimensional variances from the ZHB, did not comply with the Ordinance. Our scope of review in an appeal from a municipality's decision granting or denying a subdivision plan is limited to determining whether the governing body committed an error of law or an abuse of discretion. *Dobrinoff v. Board of Supervisors of Franklin Township*, 136 Pa.Commonwealth Ct. 282, 582 A.2d 1156 (1990).

2.  Council appealed the order to the trial court but later withdrew its appeal.

3.  Although Council cited nine areas of deficiency as its basis for denying Fiori's application, the parties agreed at oral argument before this court that all defects could be remedied with the exception of the inadequacy of the fire lanes on the subject premises.

Fiori raises several arguments on appeal to this court. First, Fiori asserts that because the ZHB previously granted use and dimensional variances in connection with the plan for which Fiori now seeks preliminary land development approval, Council is prohibited from denying its approval because of the plan's noncompliance with the Ordinance. It is Fiori's position that Council is simply seeking to avoid the orders of its own zoning hearing board through land development regulations. We disagree.

In advancing his position, Fiori fails to recognize an important distinction which exists between the authority of a municipality's zoning hearing board and that of the municipality's governing body. Pursuant to Section 909.1 of the Pennsylvania Municipalities Planning Code (MPC),[4] a zoning hearing board has exclusive jurisdiction to hear and render final adjudications in applications for variances, whereas a municipality's governing body has exclusive jurisdiction to hear and render final adjudications in applications for approval of subdivisions or land developments.

This separation of authority has long been recognized by this court. Specifically, in *Stolz v. Zoning Hearing Board of Borough of Lewisburg*, 130 Pa.Commonwealth Ct. 458, 568 A.2d 746, *petition for allowance of appeal denied*, 525 Pa. 615, 577 A.2d 546 (1990), we held that a borough council's approval of a landowner's subdivision plan did not bar the borough's zoning hearing board from denying an area variance. Relying upon the principle that the granting of variances is an exclusive function of the zoning hearing board, we concluded that despite the fact that the borough's subdivision ordinance incorporated by reference the lot requirements of the zoning ordinance, the borough's council was not thereby empowered to grant a variance in the context of a subdivision application. Likewise, in *Brough v. Heidelberg Township Board of Supervisors*, 123 Pa.Commonwealth Ct. 212, 554 A.2d 133 (1989), we concluded that a township's supervisors were not bound by the determination of the township's zoning hearing board that a

4. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10909.1.

variance was unnecessary for a landowner's subdivision plan. *See also Annand v. Board of Supervisors of Franklin Township*, 160 Pa.Commonwealth Ct. 93, 634 A.2d 1159 (1993) (court-ordered deemed approval of a preliminary subdivision plan did not amount to the court's granting of any necessary zoning variances).

■ In the present case, the Township enacted a subdivision and land development ordinance which granted Council, not the ZHB, the exclusive authority to regulate subdivision and land development within the municipality. Because the responsibility of regulating land development clearly rests with Council, as the Township's governing body, we conclude that Council's denial of Fiori's plan, without regard to any prior action by the ZHB, was proper.

Moreover, we note that the ZHB's order of November 27, 1987 specifically conditioned its grant of variances upon the plan's compliance with all applicable ordinances, resolutions and rules and regulations of the Township. Because Fiori's plan failed to meet all of the technical requirements of the Ordinance, Fiori's plan also failed to comply with the ZHB's conditional approval. Therefore, Council's decision denying Fiori's application for preliminary land development was not contrary to the ZHB's order and in no way usurped the ZHB's power.[5]

■ Last, Fiori asserts that Council is collaterally estopped from denying Fiori's plan by virtue of the ZHB's grant of use and dimensional variances. We must disagree. Collateral estoppel, also known as issue preclusion, forecloses relitigation in a later action of an issue of fact or law which was actually litigated and which was necessary to the original

5. Fiori also asserts that the ZHB could not have meant to include the land development ordinance in its November 27, 1987 order because the MPC's definition of land development at that time did not apply to single commercial buildings on single lots. We reject this argument, however, because even under the pre–1988 definition, land development included the improvement of one lot for any purpose involving the division or allocation of land or space between two existing or prospective occupants by means of a leasehold. We note that Fiori's plan was to construct a two-office medical building on his property.

judgment. *City of Pittsburgh v. Zoning Board of Adjustment,* 522 Pa. 44, 559 A.2d 896 (1989). Collateral estoppel applies if (1) the issue decided in the prior case is identical to the one present in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. *Id.*

■ In the matter before us, we note that the issues decided by the ZHB were different than those presented to Council. Specifically, the ZHB decided whether Fiori was entitled to use and dimensional variances, whereas Council decided whether his plan was deserving of land development approval. As such, we conclude that the doctrine of collateral estoppel does not apply.

Thus, having determined that Council did not err in denying Fiori's application for preliminary land development which, despite having received use and dimensional variances from the ZHB, did not comply with the Ordinance, we affirm the order of the trial court.

## ORDER

AND NOW, December 27, 1993, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.

SILVESTRI, Senior Judge, dissents.