**John H. BROUJOS, Louise Broujos, Harold Kretzing, Jean Kretzing, and Robert Lee Jacobs, Appellants**

**v.**

**CARLISLE BOROUGH COUNCIL.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1996.

Decided Nov. 14, 1996.

John H. Broujos, Carlisle, for Appellants.

Roger M. Morgenthal, Carlisle, for Intervenors, Norman Elam and Mary Lou Robbins, and Appellee, Carlisle Borough Council.

Before COLINS, President Judge, and SMITH, J., and KELTON, Senior Judge.

SMITH, Judge.

John H. Broujos, Louise Broujos, Harold Kretzing, Jean Kretzing and Robert Lee Jacobs (collectively, Protestants) appeal from an order of the Court of Common Pleas of Cumberland County that dismissed Protestants' appeal from a decision of the Carlisle Borough Council (Council) granting approval of a preliminary subdivision and land development plan on behalf of Windsor Building Corporation (Windsor). The legal and equitable owners of the subject property, Mary Lou Robbins and Norman Elam, t/d/b/a Windsor, are before the Court as Intervenors. The issue presented is whether the Council, in approving the preliminary plan, abused its discretion and committed errors of law by failing to require compliance with the applicable provisions of the Borough's Subdivision and Land Development Ordinance and Zoning Ordinance.

On March 14, 1995, Windsor filed an application with the Borough for approval of a preliminary plan to subdivide Intervenors' 1.26–acre tract and to construct four duplexes with eight single-family, semi-detached dwellings. Each duplex is to have a separate garage and is intended to be sold for up to $140,000. Intervenors' property fronts on Cemetery Avenue to the north and abuts a middle school to the south. Cemetery Avenue is essentially an alley and is unevenly paved. The subject site consists of an open area with some dilapidated structures that were used when it was a commercial flower business. The property is located in an R–2 medium-density residential district, in which single-family semi-detached dwellings are specifically permitted as of right.

In its preliminary plan, Windsor requested a modification of requirements pursuant to Section 226–14(A) of the Borough's Subdivision and Land Development Ordinance[1] to allow a lesser right-of-way width for Cemetery Avenue[2] and also to delete curbing and sidewalks on the north side of Cemetery Avenue.[3] The preliminary

1. This section provides that the Council:

> may grant a modification of the requirements of one (1) or more provisions if the literal enforcement will exact undue hardship because of peculiar conditions pertaining to the land in question, provided that such modification will not be contrary to the public interest and that the purpose and intent of this chapter are observed.

2. The right-of-way width for Cemetery Avenue is 34 feet, which is 16 feet less than the required 50 feet. In 1971, when the property was deeded from Intervenor Robbins' predecessor-in-title to Protestant Kretzing, a right-of-way of 34 feet was reserved, which was the requirement for a local street at that time.

3. As recommended by the Borough's engineer, the deletion of curbing and sidewalk requirements on the north side of Cemetery Avenue will

plan was initially approved by the Borough's Planning Commission. Following a public hearing, the Council approved the plan with the two requested modifications. Without taking any additional testimony, the trial court upheld the Council's approval of the plan. Protestants, neighboring homeowners, appeal.[4]

Protestants first argue that Cemetery Avenue is an alley intended only to be used for access to the rear side of properties otherwise abutting a street; they aver that when they purchased their homes on East Ridge Street they assumed that they had the unimpeded use of the alley to service their properties. To support their position, Protestants note that Section 226-23(C) of the Subdivision and Land Development Ordinance requires a minimum 50-foot right-of-way, and they contend that a waiver of this requirement should have been the subject of a variance before the Borough's Zoning Hearing Board.

In *Appeal of Fiori,* 160 Pa.Cmwlth. 659, 635 A.2d 743 (1993), *appeal denied sub nom. Fiori v. Bensalem Township,* 538 Pa. 638, 647 A.2d 512 (1994), this Court reaffirmed the well-established rule that where a municipality has enacted a subdivision and land development ordinance, the "municipality's governing body has exclusive jurisdiction to hear and render final adjudications in applications for approval of subdivisions or land developments." *Id.,* 160 Pa.Cmwlth. at 663, 635 A.2d at 745. In the present case, Section 226-3 of the Subdivision and Land Development Ordinance designates the Borough's Council, not the Zoning Hearing Board, as the authority to review, make recommendations and approve or disapprove all preliminary and final subdivision plat applications. In view of *Appeal of Fiori,* the trial court correctly concluded that because the plan met all zoning requirements, the standards for granting variances to zoning regulations do not apply to granting modifications of requirements under the Subdivision and Land Development Ordinance.

As noted by the trial court, a 34-foot right-of-way was reserved by the predecessor-in-title to the legal owner of the subject property when it was subdivided in 1971. Under the subdivision and land development ordinance in effect at that time, 34 feet was the existing requirement for a local street. Hence, there is evidence of record to indicate that Cemetery Avenue was intended to be a local street. In any event, regardless of the width of the right-of-way, the plan requires Windsor to pave the cartway[5] of Cemetery Avenue to a width of 22 feet, which meets the current minimum pavement width requirements of Section 226-23(C)(1) of the Subdivision and Land Development Ordinance for a local street. Accordingly, this Court concludes that the Council did not err or abuse its discretion in modifying the right-of-way width requirements.

Protestants contend that the Council erred in approving the plan because the proposed development does not provide for orderly expansion or for compatibility with existing houses as required by Section 255-21 of the Borough's Zoning Ordinance, a general provision describing the intent of the R-2 District. Specifically, Protestants argue that the four duplex houses on Cemetery Avenue are not compatible with existing housing, which is predominantly single-family, and that in approving the duplexes the Council failed to consider the existing single-family character of the area as required by Section 255-2(B) of the Zoning Ordinance.

allow rainwater to collect in a drain system without being restricted by a curb and sidewalk. Windsor must install a curb and sidewalk on the south side of Cemetery Avenue where the duplexes will be built.

4. In a land use appeal, where the trial court does not take any additional evidence, this Court's scope of review is limited to determining whether the local governing body committed an error of law or an abuse of discretion. *Herr v. Lancaster County Planning Comm'n,* 155 Pa.Cmwlth. 379, 625 A.2d 164 (1993), *appeal denied,* 538 Pa. 677, 649 A.2d 677 (1994). "[T]he governing body abuses its discretion when its findings of fact are not supported by substantial evidence." *Id.,* 155 Pa.Cmwlth. at 385, 625 A.2d at 167.

5. Section 226-9 of the Subdivision and Land Development Ordinance defines "CARTWAY or ROADWAY" as: "That portion of a street which is improved, designated or intended for vehicular use, including paved areas for any on-street parking."

As noted by the trial court, Section 255–22(B) of the Zoning Ordinance specifically provides that single-family, semi-detached dwellings are a use permitted by right in any R–2 District. "It is well settled that specific provisions in an ordinance control over general provisions." *Appeal of Farrell,* 85 Pa. Cmwlth. 163, 481 A.2d 986, 989 (1984). Therefore, the specific provision in Section 255–22(B) must take precedence over any general "intent" requirements set forth in the Zoning Ordinance. Further, because single-family, semi-detached dwellings are permitted on the subject property as of right, they may not be considered incompatible with the general intent of the Zoning Ordinance. In any event, because of changes in the neighborhood, the area is no longer comprised exclusively of single-family dwellings.

In addition, Section 603.1 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* added by Section 48 of the Act of December 21, 1988, 53 P.S. § 10603.1, provides:

> In interpreting the language of zoning ordinances to determine the extent of the restriction upon the use of the property, the language shall be interpreted, where doubt exists as to the intended meaning of the language written and enacted by the governing body, in favor of the property owner and against any implied extension of the restriction.

In 1995, when the plan was submitted, the area had been rezoned to R–2 for at least five years, and based upon the evolving nature of the area, this Court concludes that the Council did not err or abuse its discretion in approving the preliminary plan.

Protestants next contend that the approved plan does not meet the intent and objectives as set forth in Section 255–2(C)(1) of the Zoning Ordinance in that it will not promote, protect and facilitate the public health, safety and general welfare of the area. Specifically, Protestants assert that the development will create dangerous conditions for elderly residents walking or children playing in the alley when it is turned into a street. The record indicates that these safety concerns were considered by the Council.

The approved plan provides for a sidewalk and a curb on the south side of Cemetery Avenue in front of the proposed duplexes in order to accommodate pedestrian traffic. Further, the fire chief opined that the proposed use would generate less automobile traffic than the previous commercial use and that fire apparatus would have adequate access to the properties. In short, there is substantial evidence of record to indicate that there is no need for a sidewalk and a curb on the north side of the street. Moreover, the absence of a sidewalk and curbing on that side of the street will protect it from storm water runoff.

Finally, Protestants contend that the Council (1) failed to make findings as to whether Cemetery Avenue is a designated street, (2) failed to list the ten conditions to which the developer agreed and (3) permitted hearsay testimony from the fire chief, who claimed that there would be no problem for trucks responding to that area.[6] Pursuant to Section 508(2) of the MPC, 53 P.S. § 10508(2), when a preliminary subdivision plan is approved, the governing body need not make findings of fact or conclusions of law to support its decision. It is only where a plan is not approved that the decision denying approval must specify the plan's defects and cite to specific provisions of the ordinance that were violated. *Herr v. Lancaster County Planning Comm'n,* 155 Pa. Cmwlth. 379, 625 A.2d 164 (1993), *appeal denied,* 538 Pa. 677, 649 A.2d 677 (1994).

In summary, it is well established that the approval of a subdivision plan may

6. Protestants did not raise the question of Cemetery Avenue's designation as a street either before the Council or on appeal to the trial court. Accordingly, it is waived. Pa. R.A.P. 302(a).

This Court's review of the record indicates that the Council did list the ten conditions agreed to by Windsor, the developer. *See* Certified Record, Council's July 5, 1995 Special Meeting Minutes; Consent to Subdivision/Land Development Plan Approval with Conditions.

Fred Bean, the Borough Manager, testified that he asked the fire chief whether, given the width of the street, he could get a truck into this area and the fire chief felt comfortable that he could.

not be withheld where the plan complies with all applicable regulations. *Akin v. South Middleton Township Zoning Hearing Board*, 120 Pa.Cmwlth. 112, 547 A.2d 883 (1988). Also, a subdivision plan may not be required to meet standards that are not contained in the subdivision ordinance. *Id.* In the present case, the Council properly determined that Windsor's preliminary plan met all requirements of the Borough's Zoning Ordinance. Furthermore, the Council did not err or abuse its discretion in granting the modifications from the requirements of the Borough's Subdivision and Land Development Ordinance for Cemetery Avenue's right-of-way width and sidewalks and curbing. The order of the trial court is affirmed.

*ORDER*

AND NOW, this 14th day of November, 1996, the order of the Court of Common Pleas of Cumberland County is hereby affirmed.

COLINS, President Judge, dissents.