**Thomas A. VALENTI and Robert Mccluskey, Appellants,**

**v.**

**WASHINGTON TOWNSHIP and Ann E. Cubbler, Donald Humphreys and Constance Humphreys.**

Commonwealth Court of Pennsylvania.

Argued March 12, 1999.

Decided Aug. 25, 1999.

Gary P. Lewis, Valley Forge, for appellant.

Terry L. Parish, Reading, for appellees.

Before DOYLE, J., SMITH, J., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

Thomas A. Valenti and Robert McCluskey (collectively, Appellants) appeal from an order of the Court of Common Pleas of Berks County that affirmed a decision by the Board of Supervisors for Washington Township (Board) approving a 14–lot residential subdivision.

In March of 1995, Donald and Constance Humphreys and Ann E. Cubbler (collectively, Landowners) filed a subdivision application with Washington Township (Township) proposing a 14–lot subdivision on approximately ten acres of land for the construction of residential dwelling units. Two months after the plan was filed, in May of 1995, the Washington Township Subdivision and Land Development Ordinance (Ordinance) was amended in several respects to make it less restrictive. The Board reviewed nine revisions of the plan before approving it on July 24, 1997. As part of the approval, the Board waived the requirements of four provisions of the Ordinance that were in effect at the time the Landowners filed their application, three of which were not necessary or less restrictive under the new amendments. These included:

1. Section 107–17C(1)—physical features within 400 feet to be shown; [1]
2. Section 107–30A(6)(e)—cul–de–sac street limited to 500 feet in length; [2]
3. Section 107–30A(6)(*l* )—cul–de–sac street to serve maximum 10 houses; [3] and
4. Section 107–30D(1)—width of street right-of-way.

The Appellants, who owned land adjacent to the proposed development, appealed from the Board's decision to the Berks County Court of Common Pleas, raising the following three issues: (1) whether the township can disregard its "hardship" standard in granting waivers when such standard is mandated by the township's Ordinance; (2) whether the old or the new language of the Ordinance applied; and (3) whether the Landowners' submitted plan constitutes a sketch plan or a preliminary plan.

As to the first issue, Common Pleas held that, because the Ordinance requires a showing of **either** unreasonableness **or** hardship in determining whether to grant waivers from the subdivision ordinance and because the Landowners set forth in writing the requests for waivers and the grounds and facts of unreasonableness upon which the requests were based, the Board did not abuse its discretion. As to the second issue, Common Pleas held that the MPC not only permits an applicant for subdivision approval to take advantage of favorable changes made to an ordinance after the plan is filed, but also permits an applicant to legally reject changes made to the ordinance after the date of filing that would have an adverse effect on the pending plan. With regard to the third issue, Common Pleas held that the Landowners' submitted plan constituted a "preliminary plan," thereby allowing the Landowners to utilize transferable development rights. Accordingly, Common Pleas affirmed the Board's approval of the preliminary plan. This appeal followed.

■ On appeal to this Court,[4] Appellants argue that (1) the Board's failure to require the Landowners to establish undue hardship before granting waivers constituted an error of law; and (2) Common

---

1. Amended in May 1995 to reduce the distance to 100 feet. § 107–20(C)(1).

2. Amended in May 1995 to increase the maximum length to 1,000 feet. § 107–32(A)(6).

3. Amended in May 1995 to increase the maximum number to twenty (20) homes. *Id.*

4. In a land use appeal, where the trial court does not take any additional evidence, this Court's review is limited to a determination of whether the local governing body committed an error of law or an abuse of discretion. *Herr v. Lancaster County Planning Commission,* 155 Pa.Cmwlth. 379, 625 A.2d 164 (1993), *petition for allowance of appeal denied,* 538 Pa. 677, 649 A.2d 677 (1994).

Pleas committed an error of law and/or abuse of discretion by holding that the Landowners' submitted subdivision plan constituted a preliminary plan instead of a sketch plan.

Section 107–55(A) of the Ordinance, based upon Section 512.1 of the Pennsylvania Municipalities Planning Code (MPC),[5] provides as follows:

> The Board of Supervisors may grant a modification of the requirements of one (1) or more provisions of this chapter if the literal enforcement thereof will exact undue hardship because of peculiar conditions pertaining to the land in question, provided that such modification will not be contrary to the public interest and that the purpose and intent of this chapter is observed.

§ 107–55(A).[6]

Section 107–55(B) of the Ordinance requires that the developer include as part of the application a written request, setting forth "... the grounds and facts of unreasonableness **or** hardship on which the request is based, the provision or provisions of the chapter involved and the minimum modification necessary" (emphasis added). Common Pleas, reading these two provisions together, held that "it is clear that unreasonableness or hardship grounds may be used to evaluate a grant of a modification of the requirements of the [Ordinance]." (Common Pleas' Decision at 3; Reproduced Record (R.R.) at 135a.)

In this case, the Landowners submitted a request for waivers of four requirements that existed at the time they had filed their subdivision plan. With regard to three of the four requested waivers, the Landown-

ers cited to the favorable May 1995 amendments to the Ordinance as justification for granting the waivers, and the Board agreed. With regard to the fourth request, the Landowners' plan failed to comply with Section 107–30(D)(1), requiring a fifty-foot width of the street right-of-way, as applied to approximately 40 feet of a 750–foot proposed street, where the proposed street will pass between two existing buildings. The Board granted the waiver as to the 40 feet at issue. Common Pleas decided that, because the Landowners' requests for modification had set forth the grounds of unreasonableness, the Board properly granted said requests. After careful review of the record, we agree with Common Pleas and find that the Board did not commit an error of law or an abuse of discretion in granting the Landowners' requests for the four waivers at issue.

■ Subsumed within Appellants' first argument, that the Board failed to use the correct standard of review as provided in Section 107–55A of the Ordinance, is what appears to be an issue of first impression under Section 508(4)[7] of the MPC: whether an application for preliminary approval must adhere to previous adverse conditions of a subdivision ordinance when they have been changed favorably for the applicant. Common Pleas held that:

> an applicant for subdivision approval may accept the benefit of favorable provisions, which are added to an ordinance after the plan is filed, and may also reject changes to the ordinance that would have an adverse effect upon the pending plan.

---

5. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10512.1. Section 512.1 was added to the MPC by Section 40 of the Act of December 21, 1988, P.L. 1329.

6. With the May 1995 amendments, this section was renumbered as 107–57(A). The language remained the same, with one exception: the word "exact" was replaced with "exert."

7. Section 508(4) provides, in pertinent part:

> ... no change or amendment of the zoning, subdivision or other governing ordinance or plan shall affect the decision on such application adversely to the applicant and the applicant shall be entitled to a decision in accordance with the provisions of the governing ordinances or plans as they stood at the time the application was duly filed.
> 53 P.S. § 10508(4).

(Common Pleas' Decision at 4; R.R. at 136a.) In reaching this conclusion, Common Pleas relied upon the intent of the MPC, which is to protect developers from subsequent changes in ordinances that would have a negative effect on plans that were previously submitted under more favorable ordinances. Conversely, Common Pleas reasoned, a developer could also take advantage of changes that would have a beneficial effect. Accordingly, Common Pleas decided that, because three of the requested waivers at issue conformed to the May 1995 amendments, the Board properly granted such waivers.

■ With regard to the fourth requested waiver at issue in this case, regarding right-of-way width, Common Pleas relied upon this Court's reasoning in *Broujos v. Carlisle Borough Council*, 685 A.2d 620 (Pa.Cmwlth.1996). In *Broujos*, we held that Carlisle Borough Council did not err or abuse its discretion in modifying the right-of-way width requirements where the cartway would still meet the minimum pavement width requirements of the ordinance. In this case, the Board granted a waiver to the fifty-foot right-of-way width requirement, permitting Landowners to reduce the width of a forty-foot section of the road to thirty-three feet, at a point where the road will pass between two buildings. Because the waiver would not affect the Landowners' ability to meet other requirements in the Ordinance, including the requirement that the cartway width be paved a full twenty-eight feet, Common Pleas reasoned that the Board's grant of a waiver in this case was proper under our holding in *Broujos*.

It is well settled that, in the case where a developer cannot meet all the conditions of the subdivision ordinance, a township may grant waivers which it deems appropriate in the interest of the township. *Hallett's Wood Homeowners' Association v. Upper Mt. Bethel Township Planning Commission*, 688 A.2d 748 (Pa.Cmwlth. 1997); Section 512.1 of the MPC, 53 P.S. § 10512.1. It would be illogical to hold that a developer must abide by the old requirements of an Ordinance when such requirements have been subsequently changed in the developer's favor. The developer could always elect to simply withdraw the plans from consideration and refile them subsequent to the amendments. After reviewing the record in this case, we agree with the conclusion of Common Pleas and find that the Board did not commit an error of law in granting the waivers to the Ordinance when it approved the Landowners' subdivision plan.

■ Appellants also argue that the Board committed reversible error by not requiring the Landowners to submit a sketch plan, as required by the May 1995 amendments to the Ordinance. We disagree.

At the time that the Landowners first filed their preliminary subdivision plan in March of 1995, the Ordinance **permitted** developers to submit a sketch plan, but also permitted a developer to submit a preliminary plan as well, as the first step in the approval process. Thus, the Landowners were in compliance with the Washington Township Ordinance as it existed at the time of filing. The May 1995 amendments included a change to the Ordinance that made it mandatory that a preliminary "sketch plan" be submitted, as well as requiring the "preliminary plan"[8] to con-

---

**8.** The section of the Ordinance at issue, as amended in May 1995, provides as follows:

A sketch plan shall be submitted for subdivisions of ten or more lots. The applicant shall depict three different subdivision concepts or proposed layouts on the sketch plan.

Section 107–10(A). Prior to May 1995, the Ordinance provided that a sketch plan **may** be submitted for subdivision developments within the township, under Section 107–7. The Ordinance section addressing a preliminary plan, Section 107–9, remained unchanged by the May 1995 amendments, except for being renumbered and provides as follows:

A preliminary plan is required for all subdivisions and land developments proposed within the Township. A plan showing all

tain extensive information. We agree with Common Pleas and hold that a sketch plan was not a mandatory step in the application process in effect at the time of the Landowners' application, and, therefore, the Board did not err in failing to require the Landowners to submit a sketch plan.

Accordingly, the judgment of Common Pleas is affirmed.

## ORDER

NOW, August 25, 1999, the order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby affirmed.

the information required for a final plan may be submitted as a preliminary plan and, in the case where no changes to the plan are required by the Board, may be approved as a final plan.

Section 107–12.