**The Proposed Subdivision Application of Robert D. HARMAN for the Robert D. Harman Subdivision**

**v.**

**FOREST COUNTY CONSERVATION DISTRICT and Planning Board.**

**Appeal of: Gaylord and Martha Wagner.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 2, 2008.
Decided June 11, 2008.

Emil M. Spadafore, Jr., Meadville, for appellants.

Joseph E. Altomare, Titusville, for appellee, Forest County Conservation District and Planning Board.

BEFORE: McGINLEY, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Gaylord and Martha Wagner (Wagners) appeal from the May 17, 2007, order of the Court of Common Pleas of the 37th Judicial District, Forest County Branch (trial court), which granted the motion to quash filed by the Forest County Conservation District and Planning Board (Board). We vacate and remand.

David A. Harned (Harned) owns a parcel of land without access to a public road. In 2004, Harned filed a petition to appoint a board of viewers to lay out a private road leading to a public road through land owned by Robert D. Harman (Harman) and/or through land owned by the Wagners. At some point, Harman agreed to convey a fifty-foot-wide strip of his land to Harned that would give Harned access to the public road. The Wagners' property is adjacent to the fifty-foot-wide strip of land.

Harman filed an application with the Board for a minor subdivision of his property pursuant to section 301 of the Forest County Subdivision and Land Development Ordinance (SALDO). The Subdivision Administrator approved Harman's application on February 9, 2007.[1]

 The Wagners filed an appeal with the trial court. The Board filed a motion to quash, arguing that the trial court lacked jurisdiction over the appeal. The trial court granted the motion, concluding that the Wagners should have appealed the Subdivision Administrator's approval of Harman's minor subdivision to the Zoning Hearing Board (ZHB). The Wagners now appeal to this court.

 The Wagners argue that the trial court erred in concluding that it lacked jurisdiction over their appeal.[2] The Wagners contend that, because the Subdivision Administrator was an agent of the Board and the Wagners had no right of appeal to the full Board, the Subdivision Administrator's approval of Harman's subdivision was a final decision of the Board appealable to the trial court. We agree.

The County Commissioners have determined that the Board shall exercise the power to approve or disapprove subdivisions "pursuant to the procedures and provisions of [the SALDO]." (Section 103 of the SALDO, R.R. at 75–76.) The SALDO states:

> Plans for **minor** subdivisions shall be reviewed by the **Subdivision Administrator** and given either approval or disapproval. Any **subdivider aggrieved** with the decision of the Administrator **may submit** the Plan to the **full Board** for consideration. In such case, if the

---

1. The Board's executive director served as the Subdivision Administrator. (R.R. at 66.)

2. Because this case presents a question of law, our scope of review is plenary. *Narberth Borough v. Lower Merion Township,* 590 Pa. 630, 915 A.2d 626 (2007).

decision of the full Board conflicts with the decision of the Subdivision Administrator, the decision of the full Board shall prevail.

(Section 301.3 of the SALDO, R.R. at 89) (emphasis added).

Under the definitions section of the SALDO, a minor subdivision is: "A subdivision containing ten (10) or less lots ... that is served by an existing public street, for which the subdivider ... must submit a Final Subdivision Plan for review and approval by the **Board.**" (Article 2 of the SALDO, R.R. at 88) (emphasis added). The Subdivision Administrator is a person "designated by the Board to act as the **Board's agent** with approval or disapproval powers pursuant to minor subdivisions." (Article 2 of the SALDO, R.R. at 87) (emphasis added). A subdivider is the "person who is the registered owner or authorized agent of the registered owner[ ] of the land being subdivided." (Article 2 of the SALDO, R.R. at 87.)

■ Considering this legal framework, it is clear that a subdivider would not be aggrieved by, and thus could not seek full Board review of, the **approval** of a minor subdivision by the Subdivision Administrator. Moreover, the SALDO gives no other landowner the right to seek full Board review of the Subdivision Administrator's approval of a minor subdivision. Thus, when the Subdivision Administrator approves a minor subdivision as the Board's agent, that approval constitutes a final decision by the Board.[3] It does not matter that the Board has retained the power of final disapproval for itself. *Cf. Board of Supervisors of Richland Township v. Tohickon Creek Associates,* 123 Pa.Cmwlth. 111, 553 A.2d 492 (1989) (holding that section 501 and section 508 of the Pennsylvania Municipalities Planning Code (MPC)[4] allow a governing body to delegate the power of final disapproval to a planning agency while keeping for itself the power of final approval).

Having determined that an approval by the Subdivision Administrator constitutes a final decision by the Board, we note that, pursuant to section 109 of the SALDO, any person aggrieved by a "decision" of the Board can appeal the same in accordance with the MPC. (Section 109 of the SALDO, R.R. at 78.) Section 107 of the MPC defines the word "decision" as follows:

> [F]inal adjudication of any board or other body granted jurisdiction under any land use ordinance or this act to do so, either by reason of the grant of exclusive jurisdiction or by reason of appeals from determinations. All decisions shall be **appealable to the court of common pleas** of the county and judicial district wherein the municipality lies.

53 P.S. § 10107 (emphasis added).

Here, section 909.1(b)(2) of the MPC[5] and section 301 of the SALDO give the

---

**3.** The Wagners pointed out to the trial court that Harman's subdivision had been recorded in the county records after approval by the Subdivision Administrator. The Wagners then argued that the approval was final as a matter of law because, under section 513(a) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10513(a), a plat cannot be recorded until it has final approval. (*See* R.R. at 141, 167–68.) However, the trial court failed to address the argument.

**4.** Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10501 and 10508.

**5.** Section 909.1(b)(2) of the MPC, added by section 87 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10909.1(b)(2) (emphasis added), states:

> (b) The governing body or ... the **planning agency, if designated,** shall have **exclusive**

Board exclusive jurisdiction over subdivision matters. Inasmuch as the Subdivision Administrator is the Board's agent with respect to minor subdivisions and an approval by the Subdivision Administrator is a final decision by the Board, the Subdivision Administrator's approval of Harman's minor subdivision in this instance was appealable to the trial court.

In ruling otherwise, the trial court incorrectly concluded that the Subdivision Administrator's approval of Harman's minor subdivision was appealable to the ZHB. Under the MPC, the authority of a governing body and/or planning agency over subdivision and land development matters is separate and distinct from the authority of a ZHB over zoning matters. *See Borough of Jenkintown v. Board of Commissioners*, 858 A.2d 136 (Pa.Cmwlth.2004) (citing *Appeal of Fiori*, 160 Pa.Cmwlth. 659, 635 A.2d 743 (1993), *appeal denied*, 538 Pa. 638, 647 A.2d 512 (1994)). The governing body and/or planning commission lack jurisdiction over zoning matters, and the ZHB lacks jurisdiction over subdivision and land development matters. *Id.* Thus, here, the Wagners could not have appealed the Subdivision Administrator's approval of Harman's minor subdivision to the ZHB.

Accordingly, we vacate and remand.[6]

### ORDER

AND NOW, this 11th day of June, 2008, the order of the Court of Common Pleas of

the 37th Judicial District, Forest County Branch (trial court), dated May 17, 2007, is hereby vacated, and this case is remanded to the trial court for disposition of the appeal of Gaylord and Martha Wagner.

Jurisdiction relinquished.

jurisdiction to hear and render final adjudications in the following matters:

. . . .

(2) All applications pursuant to section 508 for approval of **subdivisions** or land developments under Article V. Any provision in a subdivision and land development ordinance requiring that final action concerning subdivision and land development applications be taken by a planning agency

rather than the governing body shall vest **exclusive jurisdiction in the planning agency** in lieu of the governing body for purposes of the provisions of this paragraph.

**6.** The Wagners argue in their brief that they have standing to challenge the approval of Harman's subdivision. However, because the trial court took no evidence on that issue, we decline to address it here.