IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clare M. Dorsey, Kris J. Waller, :
Lisa Rhodes, Famira Investments :
and Provco Pineville Fayette, L.P. :
:
v. : No. 1114 C.D. 2020
: SUBMITTED: November 15, 2021
Borough Council of Conshohocken :
Borough :
:
:
Appeal of: Kris J. Waller and :
Lisa Rhodes :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED:  December 7, 2021

Kris J. Waller and Lisa Rhodes (Appellants) appeal from the October 2, 2020 Order of the Court of Common Pleas of Montgomery County (Trial Court) denying Appellants' land use appeal and affirming the November 15, 2017 resolution (Resolution) of the Borough Council of Conshohocken Borough (Borough Council). In its Resolution, Borough Council granted conditional preliminary and final land development approval to Provco Pineville Fayette, L.P. (Provco) for the construction of a retail convenience store with fuel pumps (Project) on real property located at 1109 and 1119 Fayette Street and 1201 Butler Pike (Property) in Conshohocken Borough (Borough).  For the reasons set forth below, we reverse the Trial Court's Order.

The Property is located in the Borough's Residential Office Zoning District (RO District) and is owned by Dennis and Timothy Moore. On August 9, 2017, Provco, the equitable owner of the Property, submitted a request to Borough Council for an amendment to Section 27-1202 of the Borough's Zoning Ordinance (Ordinance) that would revise the permitted uses in the RO District to include business offices, professional offices, retail establishments, restaurants, convenience retail food stores, and parking lots or garages. The next day, Provco filed a land development application (Application), seeking approval of its preliminary/final land development plans for the Project. The Application was conditioned on Borough Council's approval of Provco's request for an amendment to Section 27-1202 of the Ordinance. In other words, the Project would not be permitted in the RO District unless Borough Council amended Section 27-1202 of the Ordinance to include convenience retail food stores as a permitted use.

On November 15, 2017, at its public meeting, Borough Council enacted Ordinance No. 08-2017 (Zoning Amendment), thereby amending Section 27-1202 of the Ordinance to include, *inter alia*, a "[c]onvenience retail food store[,] including the sale of fuel[,] an ATM[,] and lottery sales." Reproduced Record (R.R.) at 2a. The Zoning Amendment provided, however, that it would not become effective until five business days after it had been adopted. *Id.* at 4a. Despite the delayed effective date of the Zoning Amendment and the fact that the Application relied on the Zoning Amendment for approval, Borough Council, on that same night, passed the Resolution, approving Provco's preliminary/final land development plans for the Project subject to certain conditions and granting six waivers of the Borough's

2

Subdivision and Land Development Ordinance (SALDO). *Id.* at 5a-7a. Appellants appealed Borough Council's Resolution to the Trial Court,[1] which affirmed.

On appeal to this Court,[2] Appellants have essentially raised three issues for our consideration. First, Appellants contend that Borough Council committed an error of law and/or abused its discretion by passing the Resolution because the Zoning Amendment, on which Provco's Application relied, was not effective at the time that Provco submitted the Application or at the time that Borough Council passed the Resolution. Second, Appellants argue that Borough Council committed an error of law and/or abused its discretion by passing the Resolution without the benefit of the Zoning Amendment, because, in doing so, Borough Council effectively granted Provco a waiver/variance from the terms and conditions of the Ordinance—*i.e.*, approving a proposed use that was not permitted in the RO District at the time that the Application was filed or at the time that Borough Council passed the Resolution—an action that only the ZHB is permitted to take. Third, Appellants claim that the Borough committed an error of law and/or abused its discretion by

---

[1] Appellants also filed: (1) a substantive validity challenge to Borough Council's enactment of the Zoning Amendment with the Conshohocken Borough Zoning Hearing Board (ZHB), alleging, *inter alia*, that the Zoning Amendment constituted arbitrary spot zoning; and (2) an appeal to the Trial Court challenging Borough Council's enactment of the Zoning Amendment on procedural grounds. While the outcome of Appellants' substantive validity challenge to the Zoning Amendment ultimately impacts the resolution of this appeal, as discussed *infra*, neither that challenge nor Appellants' challenge to the Zoning Amendment on procedural grounds is part of the matter presently before this Court.

[2] "[I]n a land use appeal, where the trial court has not taken any additional evidence, our scope of review is limited to a determination of whether the governing body (in this case [Borough Council]) has committed an error of law or abused its discretion, and the governing body abuses its discretion when its findings of fact are not supported by substantial evidence." *Herr v. Lancaster Cnty. Planning Comm'n*, 625 A.2d 164, 167 (Pa. Cmwlth. 1993) (internal citation omitted).

3

granting waivers from the SALDO's requirements because Provco failed to demonstrate any undue hardship that would entitle it to receive such waivers.

Before addressing the merits of Appellants' arguments, however, we must first consider the impact of this Court's recent Opinion and Order in *Conshohocken Borough v. Conshohocken Borough Zoning Hearing Board*, 261 A.3d 582 (Pa. Cmwlth., No. 501 C.D. 2020, filed August 16, 2021), on the present appeal.

*Conshohocken Borough* involved Appellants' substantive validity challenge to Borough Council's enactment of the Zoning Amendment. After conducting numerous public hearings, the ZHB ultimately concluded that the Zoning Amendment constituted arbitrary spot zoning and did not benefit the health, safety, and welfare of the community. Provco and the Borough appealed to the Trial Court, which reversed the ZHB's decision. The Trial Court concluded that, because Appellants failed to introduce evidence that clearly established that the Zoning Amendment constituted spot zoning, they did not meet their heavy burden of demonstrating that the Zoning Amendment is not constitutionally valid.

Appellants then appealed to this Court, which reversed the Trial Court. We concluded, *inter alia*, that the ZHB, acting within its discretion as the sole arbiter of the credibility of witnesses and the weight to be afforded to their testimony, properly determined that the Zoning Amendment constituted arbitrary spot zoning. Following this Court's decision, Provco did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Therefore, the Zoning Amendment remains invalid.

In their supplemental briefs filed with this Court, the parties concede that, because the Resolution was based on the Zoning Amendment and the Zoning Amendment has since been declared invalid, the Resolution is similarly invalid. We

4

agree. Borough Council's conditional approval of Provco's preliminary/final land development plans was premised on the Zoning Amendment's inclusion of a retail convenience store with fuel pumps as a permitted use in the RO District. Without the Zoning Amendment, however, there is no basis on which Borough Council could have granted Provco land development approval for the Project because, under Section 27-1202 of the Ordinance, a retail convenience store is not a permitted use. For these reasons, we conclude that Borough Council erred in passing the Resolution.

Accordingly, we reverse the Trial Court's Order.

_____
ELLEN CEISLER, Judge

Judges Cohn Jubelirer and Fizzano Cannon did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clare M. Dorsey, Kris J. Waller,     :
Lisa Rhodes, Famira Investments    :
and Provco Pineville Fayette, L.P.    :
                               :
           v.              :    No. 1114 C.D. 2020
                               :
Borough Council of Conshohocken   :
Borough                          :
                               :
                               :
Appeal of: Kris J. Waller and      :
Lisa Rhodes                   :

# **O R D E R**

AND NOW, this 7th day of December, 2021, the Order of the Court of Common Pleas of Montgomery County, dated October 2, 2020, is hereby REVERSED.

 

ELLEN CEISLER, Judge