**HALLETT'S WOOD HOMEOWNERS' ASSOCIATION; Marc Blau and Sandra Blau, his wife; Harold Gordon; Richard Clark and Mary Clark, his wife; Richard Ball and Betty Ball, his wife; and Griffith Pritchard and Sharon Pritchard, his wife, Appellants,**

v.

**UPPER MT. BETHEL TOWNSHIP PLANNING COMMISSION; Upper Mt. Bethel Township Board of Supervisors; Walter D. Davidge and Georgia A. Davidge, his wife.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 6, 1996.

Decided Jan. 22, 1997.

Reargument Denied March 10, 1997.

Anthony J. Martino, Bangor, for appellants.

David M. Backenstoe, Bethlehem, for appellees, Upper Mt. Bethel Township Planning Commission and Upper Mt. Bethel Township Board of Supervisors.

Edward G. Smith, Easton, for appellees, Walter and Georgia Davidge.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Hallett's Wood Homeowners' Association, Marc and Sandra Blau, Harold Gordon, Richard and Mary Clark, Richard and Betty Ball and Griffith and Sharon Pritchard (Appellants) appeal from the order of the Court of Common Pleas of Northampton County that denied Appellants' land use appeal as untimely filed and held that the addition of a temporary construction easement to Walter and Georgia Davidge's (Davidge) final subdivision plan was not a substantial change which would give Appellants a separate basis for appeal. We affirm.

Davidges own fifty-four acres in Upper Mt. Bethel Township (Township) in Northampton County. The property in question had formerly been included in a larger tract of land which had been subdivided into twenty-one lots pursuant to the Township's Planned Residential Development Ordinance.[1] On August 19, 1992, the Davidges submitted a subdivision plan (Plan) which provided for four building lots on a portion of the undeveloped property. The lots in the Plan would be serviced by an easement which services the twenty-one lots in the initial subdivision. The Township Planning Commission rejected the initial Plan by formal notice of rejection dated August 19, 1992.

On September 25, 1992, the Davidges submitted proposed modifications for the Plan to the Township Board of Supervisors (Board). The Davidges gave the Board a 120–day extension to review the Plan. The Davidges appeared before the Board on November 9, 1992, and December 14, 1992.

At a meeting held on December 16, 1992, the Board again denied the modifications as well as the Plan; however, it failed to provide formal written notice of the rejection to the Davidges as required by Section 508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508,[2] the proposal was

1. The Ordinance was subsequently rescinded by the Township.

2. Section 508 of the MPC provides, in pertinent part:

   § 1508. Approval of plats

   All applications for approval of a plat (other than those governed by Article VII), whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate to the applicant not later than 90 days following the

deemed approved on February 11, 1993.[3] On April 26, 1993, the Davidges filed an action in mandamus, requesting the Plan be given deemed approval. Almost ten months later, Appellants filed a petition to intervene in the mandamus action which the trial court denied.[4]

On February 25, 1994, Appellants proceeded to file a land use appeal contending, *inter alia*, that the Plan should not have been approved. The Davidges and the Board filed new matter along with answers, raising the issue of timeliness of the Appellants' land use appeal. Appellants also filed a request with the trial court to present additional evidence that a "construction" easement shown on the Plan, was disputed by the Portland Borough Authority. The trial court held the land use appeal untimely and that the addition of a temporary construction easement to the Plan was not a substantial change from the approved Plan so as to give Appellants a separate basis for appeal.

On appeal to this Court,[5] Appellants argue that the trial court erred in holding: 1) their land use appeal untimely; 2) the Settlement Agreement had not addressed the Township's concerns; and 3) that the temporary easement was not a significant change to the Plan.

■ Appellants first challenge the trial court's holding that the land use appeal filed

one year after the deemed decision was untimely for not having been filed within the thirty-day period set forth in Section 1002–A of the MPC, 53 P.S. § 11002–A.[6] Section 1002–A of the MPC, provides that any appeal must be filed within thirty days after entry of the decision as provided in 42 Pa.C.S. § 5572 (relating to time of entry of order). This section also states that in the case of a deemed decision, an appeal must be filed within thirty days after the date the notice of said deemed decision is given as set forth in Section 908(9) of the MPC, 53 P.S. § 10908(9). Appellants assert that they did not have the required notice and thus, the appeal must be considered timely filed. We do not agree.

Section 908(9) of the MPC, applies only to zoning hearing board decisions, and notice provisions therein are applicable only to a deemed decision from a zoning hearing board and not from a deemed approval of a subdivision by a board of supervisors. The distinction between a zoning appeal and a subdivision appeal are significant. For example, to obtain a zoning variance you must meet the legal requirements under the MPC. These requirements are clearly set forth and it is mandatory that the applicant prove undue hardship before such variance could be granted.

Subdivision regulations, on the other hand, require that if a developer meets all the

---

date of the regular meeting of the governing body or the planning agency . . .

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than 15 days following the decision.

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied on.

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect.

**3.** The Board does not contest that there was a deemed approval of the subdivision plan on February 11, 1993.

**4.** On April 25, 1994, the Davidges and the Board entered into a Settlement Agreement (Settlement Agreement) in the mandamus action which acknowledged that the Plan was deemed approved as of February 11, 1993, and attached certain conditions to the Plan intended to protect adjoining landowners, including waivers where appropriate.

**5.** Our scope of review where a trial court takes no additional evidence is whether the governing body committed an abuse of discretion or erred as a matter of law. *Patricca v. Zoning Board of Adjustment*, 527 Pa. 267, 590 A.2d 744 (1991).

**6.** Section 1002–A was added by the Act of December 21, 1988, P.L. 1329.

conditions of the subdivision ordinance, the plan must be approved. If the developer cannot meet the requirements, the township can grant waivers it deems appropriate in the interest of the township. While the 1972 amendments to Section 908(9) of the MPC, added provisions expressly granting protestants a right to contest a "deemed" decision of a zoning hearing board and requiring that notice of a deemed decision be given to all parties involved, no similar changes were made in the portion of the MPC which governs subdivision applications. While protestants can be designated parties before a zoning hearing board by filing their name, there is no similar procedure by which protestants become "parties" with regard to a subdivision application.

Applicants were on notice that a decision would be deemed entered in favor of the Davidges at the expiration of the one hundred and twenty-day period granted by the Board to act on the Davidges' subdivision application.[7] On February 11, 1993, the Plan was deemed approved and thus, the thirty-day appeal period commenced. We must agree with the trial court that to allow an appellant to proceed with an appeal filed a full year after a deemed approval is unreasonable in practice and unjustified in principle and would result in an unworkable planning process.

Appellants also assert that the Board acted arbitrarily in approving the Settlement Agreement because it did not address the concerns of the Township. However, in such subdivision approval application it is the Township which protects the interest of the adjoining landowners. It is the Board's duty to see that the subdivision application conforms with the ordinance and the Board has the power and the responsibility to grant reasonable waivers from the requirements of the subdivision ordinance. Even though the Davidges received deemed approval on February 11, 1993, it worked with the Township to establish a Settlement Agreement to protect the interest of the adjoining landowners. Therefore, we hold that the trial court did not err in holding that the Township had addressed the concerns of the adjoining landowners.

█ Finally, Appellants asserted that the temporary easement for construction purposes made the Plan substantially different, and thus, could not have occurred. While a municipality may deny final approval when a final plan reflects significant changes and where prior recognized defects are not corrected, *Wynnewood Co. v. Board of Supervisors,* 71 Pa.Cmwlth. 559, 455 A.2d 742 (1983), Appellants failed to demonstrate that the temporary easement affected the completed Plan in the least. Therefore we hold that the trial court correctly found that Appellants failed to show that the Board was arbitrary or capricious in approving this modification, which was of little consequence.

Accordingly, we affirm.

### ORDER

AND NOW, this 22nd day of January, 1997, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby affirmed.

---

7. 42 Pa.C.S. § 5571(c)(6), provides:

6. Implied determinations. When pursuant to law a determination is deemed to be made by reason of the expiration of a specified period of time after submission of a matter to a tribunal or other government unit ... any person affected may treat the expiration of such period as an equivalent to the entry of an order for purposes of an appeal and any a person affected shall so treat the expiration of the period where the person has actual knowledge (other than knowledge of the mere lapse of time) that an implied determination has incurred.